## STOCKTON v. STANBROUGH, Curator.

Decision in *Dupuy* v. *Bemiss*, 2 An. R. 509, as to the jurisdiction of the courts of the United States touching successions under administration, affirmed.

A sale under execution of promissory notes, made without appraisement, is void. C. P. 671 to 680.

A sale of promissory notes belonging to a debtor, made under a *fi. fa.*, without their having been taken possession of by the marshal, is void.

APPEAL from the District Court of Madison, *Selby*, J. *Stockton*, appellant, *pro se*. *Steele*, on the same side. *Thomas* and *Snyder*, for the defendant. The judgment of the court was pronounced by

EUSTIS, C. J. The plaintiff prayed for an injunction against certain hypothecary proceedings, under an order of seizure and sale granted at the instance of the defendant, who is curator of the succession of *Jesse Harper*, on two certain promissory notes secured by mortgage. He claims the ownership of the notes under an assignment from *Louis A. Collier*, who, it is alleged, purchased them at a sale made by the marshal of the United States, under an execution issued from the Circuit Court of the United States, in the case of *The Farmers Bank of Virginia* v. *David Stanbrough, curator of Jesse Harper*. The judgment, execution, and marshal's sale were appended to the petition, and, on motion, the district judge dissolved the injunction, on the ground that they made out no proper case for that remedy; and the plaintiff has appealed.

A question has been raised concerning the jurisdiction of the Circuit Court of the United States, in the case under which the notes were sold. As far as the views of this court are expressed in the case of *Dupuy, curator* v. *Bemiss*, 2 Ann. R. 509, in relation to the jurisdiction of the courts of the United States touching successions under administration, we have no reason to doubt their correctness. But the question of jurisdiction it is not necessary to decide. For, if the court of the United States had jurisdiction, we are of opinion that the decision of the district judge was correct.

It does not appear that any appraisement was made of the property sold. *Phelps* v. *Rightor*, 9 Rob. 531. Code of Practice, 671 to 680. *Collier* v. *Stanbrough*, recently decided in the Supreme Court of the United States. Nor does it appear that the marshal ever took possession of the notes, nor that

*Collier*, or the plaintiff, ever had them. They appear to have remained in the possession of the defendant. These objections are fatal to the plaintiff's application for relief. *Judgment affirmed.*