## EARHART v. GANT AND GANT.

1. **Promissory note: NOTICE OF LATENT DEFENSES.** To charge a holder for value before maturity of a promissory note, with notice of latent defects, the evidence should be satisfactory.

2. —— **ASSIGNMENT BY OFFICER.** Under sections 3272 and 3322 of the Revision, an assignment of a promissory note by an officer levying on the same has the same effect as if made by the defendant in execution, and confers the same rights upon the assignee of the officer as would be conferred upon an indorsee of the defendant.

3. —— Said sections are remedial in their nature, and, by a fair construction thereof in view of their purpose, the word "defendant" therein should be held to include not only the execution defendant, but a defendant in a garnishment proceeding auxiliary to the execution.

*Appeal from Johnson District Court.*

MONDAY, OCTOBER 23.

ACTION upon a negotiable promissory note for $144.78 made by defendant to John Walker or order, of date March 4, 1870, and payable October 1, 1870. Upon the note were the following indorsements: "By order of court I hereby transfer this note to John Morford or order. S. P. McCaddon, sheriff. By A. M. Harris, deputy." Also, "waiving demand, protest and notice, I hereby assign the within note to Henry Earhart for value received, and guarantee the payment of the same. John Morford." The defense was, that the note was obtained by fraud and mistake, and that plaintiff had notice thereof, and was not an indorsee. Jury trial; verdict and judgment for defendant; plaintiff appeals.

*Fairall, Boal & Jackson* for the appellant.

*Templin & Son* for the appellees.

COLE, J.— I. The main contest in the district court was upon the question whether the plaintiff took the note with

1. PROMISSORY NOTE: notice of latent defenses.

notice of the defense that it was obtained by mistake and fraud, etc. The testimony upon this question was brief, and the defendants were the only witnesses to establish the notice. The defendant, William Gant, who is the father of his co-defendant Samuel, testifies "that when he afterward discovered the mistake, he went down the street and saw John Morford standing there near Davis' drug store, and he thinks Henry Earhart was with him; that as he went by he said to John Morford, 'I am afraid the Walker boys have beat me in them notes, I must go and find them; I don't know that Earhart heard what I said, I think he could have heard me. When I spoke to Morford about the note he said he must go and see Fairall as he (Morford) claimed it now. Henry Earhart's wife was standing with Earhart and Morford at the time; I may be mistaken about Earhart being there, but I feel certain he was.'" Samuel Gant testified of the same matter as follows: "When he was afterward going down the street near Davis' drug store, father saw John Morford standing and Henry Earhart was talking to him; as father went by, he said to John Morford, "I want to find the Walker boys, I am afraid they have beat me on that note. Morford said something to father about going to see Fairall; Earhart was standing there at the time I think." On cross-examination he said, "I think Earhart was there; I am not positive of this, but it is my recollection he was there. I have seen him often in Iowa city; I can't say that he heard what father said to Morford."

On the part of plaintiff, both Morford and Earhart testify that Earhart was not there at the time referred to and did not hear the remark; and plaintiff also testifies that he had no notice whatever of the alleged defect in the note. This is all the evidence upon that point, and it is man-

ifestly insufficient to sustain the fact of notice or a verdict that plaintiff had notice. The defendants only testify that they think plaintiff was there, but are not positive, and neither of them testify that plaintiff heard the remark. The remark, if heard, would scarcely be sufficient to justify a finding of notice of the alleged defense; but the testimony is direct and positive that Earhart was not there, and, of course, could not and did not hear it. The verdict was therefore contrary to the evidence and should have been set aside.

II. The note was made payable to John Walker, but was then, or afterward became, the property of Isaac Walker, against whom John Morford had a judgment. Under execution issued thereon, John Walker, still holding the note, was garnished; and such legal proceedings were had as that the note was indorsed by the sheriff to John Morford, pursuant to order of the court, Morford agreeing to take the same at its face. It is now and here claimed by appellee's counsel that such transfer did not operate as an indorsement under the law merchant by the payee, to transfer the note discharged of its infirmity. Our statute says (Rev., § 3272): "Bank bills and other things in action may be levied upon and sold, or appropriated as hereinafter provided, and assignments thereon by the officer shall have the same effect as if made by the defendant, and may be treated as so made." And it is further provided by section 3322 that money, promissory notes, etc., may be appropriated without being advertised or sold, if the plaintiff will receive them at their par value. The precise point made is, that the transfer by the officer is to have the same effect as if made by *the defendant*, and that Isaac Walker and not John Walker was the execution defendant. We think this too narrow a construction to place upon the statute, which is surely a remedial one. In our view, the garnishee holding such paper, and having the legal title in himself, may

2. — assignment by officers.

properly be said to be *the defendant*, at least in the garnishment proceedings. A fair construction of the sections, when their purpose is considered, will make *the defendant* include, not only the execution defendant, but also the garnishee defendant.

The indorsement by the officer is to have the same effect as if made by the defendant in the garnishment. Such an indorsement will, therefore, have the same effect in this case as an indorsement by the legal holder under the law merchant. The word "assignments" as used in the statute includes indorsements. See Burrill's Law Dic., title "Assignment" and "Indorsement."

Reversed.