No. 6834.

MISS KATE NUGENT VS. JOHN McCAFFREY.

ON MOTION TO DISMISS.

In the absence of any name as payee of the Bond of appeal, this Court will consider the Bond payable to the person to whom the law makes it so, to wit: the Clerk of Court; and will not dismiss the Appeal on that ground.

ON THE MERITS.

An action for the recovery of real estate and damages, is liable to seizure.

Notice of seizure of such an action, to the Clerk of the Court, in which the suit is pending, to the defendant in the suit and to the plaintiff therein, is proper and sufficient, and constitutes a valid seizure.

The appraisement in a case of such seizure, should be as in other cases of seizure of incorporeal rights.

The advertisement of the Sheriff for the sale of such a claim, should be during thirty days, as for the sale of immovables.

The purchaser of the claim in such a case, being the defendant himself against whom the action is brought, has the right to plead Confusion, in a Rule against the plaintiff in the action, taken for the purpose of having the suit dismissed.

APPEAL from the Fourth District Court, parish of Orleans. *Houston,* J.

---

*W. B. Lancaster* and *F. A. Flanagan* for Plaintiff and Appellant:

First—A right of action to annul a sale of real estate and for damages thereunder, is not such appreciable right as can be seized, appraised and sold. Both rights are strictly personal to the original holder and are not such as can be exercised by his creditors without his consent.

Second—Such seizure, if at all, cannot be made in the hands of the clerk of the court in which the suit is pending, especially by a mere notice, as in this case; it would have to be made in the hands of the debtor.

Third—A judgment creditor cannot cause the sheriff to seize money, or a money claim, due by himself to his judgment debtor. By the mere fact of law the two debts, so far as they co-exist, are already mutually extinguished by compensation.

Fourth—Although a third person may seize a suit belonging to his judgment debtor, and have it appraised by experts according to their opinion of its chances for success, as between

the parties to the suit, this cannot be done. The law has provided for the appraisement in such case by the judgment of a court of justice, after full trial. The plaintiff has by law, as between himself and defendant, an absolute right to a jury.

Fifth—An action for the recovery of an immovable is itself an immovable by intendment of law, and cannot be sold, after seizure, without an advertisement of thirty days.

Sixth—The plea of confusion must be made by peremptory exception or by answer—not by rule.

Seventh—The plea of confusion, made by defendant, essentially implies an admission that the debt against himself, which he avers to have been thus extinguished, had a real existence.

*Cutler & Dibble* on the same side.

*J. O. Nixon, Jr.,* for Defendant and Appellee.

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

SPENCER, J. Defendant and appellee moves to dismiss this appeal. on three grounds.

First. Because the bond names no one as payee.

Second. Because the bond is signed Kate A. Nugent instead of Kate Nugent.

Third. The bond does not sufficiently identify the judgment appealed from.

The bond is in the usual form, declaring that appellant and her surety, naming both, " are held and firmly bound unto ——— executors, administrators and assigns, in the sum of $150," etc.

Then follows the condition of the bond, reciting " that Kate A. Nugent has this day filed motion of appeal from a final judgment. rendered against her in the suit of *Kate Nugent* vs. John McCaffrey, No. 43,543, in the Fourth District Court for the parish of Orleans," etc.

It is manifest that Kate A. Nugent is the Kate Nugent " against " whom judgment was rendered in the suit No. 43,543. The bond so declares expressly. The judgment appealed from is sufficiently described.

In the absence of any name as payee of the bond, we will supply it, by considering it as payable to the person to whom the law says it. shall be made payable, to wit: the Clerk of the Court—just as in the absence of an amount being stated, we will supply it by reference to the order of appeal. See " Gibbs vs. Lum," 29 A. 526. This case differs from that of Marks vs. Herman, 21 A. 756, where the bond was payable to the plaintiffs.

The motion to dismiss is overruled.

### ON THE MERITS.

The opinion of the Court was delivered by

LEVY, J.   John McCaffrey, appellee herein, obtained two judgments against the plaintiff; under a writ of seizure and sale under one of these judgments; a certain piece of property of the plaintiff, Miss Kate Nugent, affected by a mortgage recognized in said judgment, was seized and sold, and McCaffrey became the purchaser thereof.   The property did not realize the amount of the mortgage debt.   Miss Nugent, some months after this sale, brought this suit against McCaffrey, in which she prayed that she might be decreed to be the owner of the said property, and put in possession of the same, alleging that the seizure, sale, and advertisement were not made according to law, and that the adjudication to McCaffrey was illegal and vested no title to the property in him, and also claimed damages to the extent of $5000 for the alleged wrongful acts, possession, destruction of fences and deterioration of the property by McCaffrey.   McCaffrey having a monied judgment still due, issued execution thereon and had seized and offered for sale all the right, title, and interest of Miss Nugent in and to this suit.   A *rule* to release this seizure, was made absolute in 1875, by the then Judge of the Fourth District Court.   Subsequently, in February, 1877, another execution was issued and the same property seized thereunder, viz: the right, title and interest of Miss Nugent in this suit.   McCaffrey became the adjudicatee of this property, appeared in Court and took a rule upon Miss Nugent to show cause why her suit should not be dismissed, on the ground that he had become owner of all her right, title and interest therein, and her claim had become extinguished by confusion. On the trial, the sheriff's return on the writ showing the adjudication to McCaffrey and the proces verbal of the sale were offered and filed in evidence.   This rule was made absolute and plaintiff's suit dismissed. From that judgment plaintiff has taken this appeal.

The grounds on which appellant seeks a reversal of the judgment dismissing this suit are:

1st. That an action to annul a sale of real estate and for damages, is not such an appreciable right as can be seized, appraised and sold.

2d. Such seizure cannot be made in the hands of the Clerk of the Court, especially by mere notice.   It would have to be made in the hands of the debtor.

3d. A judgment creditor cannot cause the sheriff to seize money or a money claim due by himself to his judgment debtor.   By the mere effect of law the co-existing debts are mutually extinguished by compensation.

4th. That appraisement of a suit cannot be made by experts, but only after trial and the finding of a jury as to the value.

5th. An action for recovery of an immovable is itself an immovable, and cannot be sold after seizure, without thirty days advertisement.

6th. The plea of confusion must be made by peremptory exception or by answer, not by rule.

7th. The plea of confusion admits that the debt had a real existence.

The action pending, in which there is a claim to real estate and for damages, is liable to seizure:

1st. The decision of this Court in the case of Field vs. Weaver, not yet reported, so far from weakening, strengthens this case. There we held that the right to issue an injunction was not subject to seizure, but that the claim for damages was thus subject. Here there is a claim for the recovery of particular property, not a mere right to the exercise of remedial process or conservatory action.

2d. We find no difficulty as to the manner in which the seizure was made. A tangible taking into possession by the sheriff of the right, title and interest of Miss Nugent in the suit, was a physical impossibility, because it was incorporeal. Notice to the Clerk of the Court, in which the suit was pending, to the defendant in the suit and to the plaintiff therein was proper, and constituted a valid and sufficient seizure.

3d. We see nothing requiring consideration in this ground of plaintiff.

4th. So, also, with this ground. We deem the rights of the plaintiff in the pending suit a subject for appraisement under the law regulating the appraisement of property seized under execution, just as any other incorporeal right, such as a right or interest of an heir in an unsettled succession.

5th. So far as the action for the recovery of an immovable is concerned, we think it clear that such action is of itself an immovable by intendment of law, and immovables cannot be sold under seizure, without previous advertisement of thirty days. There may, however, be a waiver by the defendant in execution. In this case we find no such waiver in the record. Article 471 of the Code of Practice, declares that, among incorporeal rights considered as immovable from the object to which they apply, is, "an action for the recovery of an immovable estate or an entire succession." Article 670 of the Code of Practice, requires that, a sale of immovables by the sheriff shall be made after thirty days advertisement. So far, then, as the action for the recovery

Nugent vs. McCaffrey.

-of the immovable estate is concerned, the advertisement was insufficient.

6th. The plea of confusion was not improperly set up in the rule taken by McCaffrey. Confusion arises and is created by operation of law, and the existence of facts which cause confusion, if shown by the evidence, would be cognizable by the Court and recognized without regard to the mere formal manner or particular mode in which it was pleaded.

7th. This ground is untenable and does not merit serious consideration or discussion.

McCaffrey, alleging that he had become owner by purchase at sheriff's sale of the right, title and interest of Miss Nugent in the suit referred to, of Nugent vs. McCaffrey, obtained a rule against the plaintiff to show cause why the suit should not be dismissed, etc. The plaintiff, defendant in this rule, in her answer thereto, specially denied that there had been any valid sale of said rights, as claimed by McCaffrey. McCaffrey, by the adoption of this proceeding, sought to be recognized as owner of the right of action, and as such, entitled to control the same and specially to dismiss it. He offered in evidence the title from the sheriff and all the proceedings in the suit, in which his judgment was obtained, on which execution was issued and the seizure and sale were made. The defendant in rule denied the validity of the title set up. Plaintiff offered the sheriff's sale and proceedings in suit in evidence, and we think it was competent for defendant, under her denial of the validity of the sale and proceedings, to show on the face of the papers the illegality thereof. The issue of such validity was tendered by the plaintiff and accepted by the defendant in rule, and thus joined, we think she clearly had the right to avail herself of the patent defects in the title of plaintiff.

The sheriff's deed itself shows that the property was offered for sale and adjudicated, so far as the right to recover the immovable property was involved, without complying with the necessary legal requirements as to advertisement, and to the extent of the sale of this action or the right to this action for the recovery of the immovable, was defective, and cannot be maintained.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that this cause be remanded to the Civil District Court of the parish of Orleans, to be proceeded with according to law and in accordance with the views herein expressed, and that the appellee do pay the costs of this appeal.