Bay *v.* Saulspaugh *et al.*

---

No. 7242.

BAY *v.* SAULSPAUGH ET AL.

ASSIGNED DEBT, ACTION ON.—*Debt must be a Tangible and well identified Cause of Action.*—*Sale by Sheriff on Execution.*—*Assignment.*— Sections 438 and 439, 2 R. S. 1876, p. 208, construed together, mean that the debt, or thing in action, which may be given up by an execution defendant and levied upon and sold by the sheriff and assigned and delivered by him, must be some tangible and well identified cause of action, upon which suit may be brought by the purchaser in the same manner as might have been done by the execution defendant, and capable of being assigned and delivered to the purchaser, such as a paper writing signed by some third person, a duly itemized account, or other chose in action described upon or by some paper.

SAME.—*Complaint.*—*Insufficient Description of Claim.*—*Account.*—A complaint upon an assigned debt for "about eight hundred dollars," which gives no bill of particulars of the claim, or itemized statement or description of the account, or of the nature of the demand, is insufficient.

SAME.—Plaintiff's inability to obtain a better description or identification of the demand is a misfortune, for which averments that the execution defendant and all the defendants refuse to give him an itemized statement or bill of particulars, although often requested so to do, suggest no adequate remedy.

SAME.—*Sheriff's Assignment.*—The sheriff's assignment of a debt, or thing in action, sold on execution, is not the foundation of an action brought upon the claim and does not become a part of the complaint by being filed with it, and the facts recited therein can not be considered in aid of the averments of the complaint.

From the Jennings Circuit Court.

*D. Overmyer,* for appellant.

NIBLACK, J.—Complaint by David Bay against Thomas Saulspaugh, Elisha P. Reynolds, John Crabraugh and William B. Sheets, alleging that for three years then last past the defendants had been doing business under the firm name of Reynolds, Saulspaugh & Co., and that, on the 15th day of July, 1876, the plaintiff had purchased, at sheriff's sale, from the sheriff of Jennings county, a certain account or claim of one John Droitceur against the defendants, for the sum of eight hundred dollars, more or less; that said claim was sold to him as an existing debt against the defendants, in their firm name of Reynolds, Saulspaugh & Co., a certificate of which sale, issued by the sheriff, was filed with the complaint; that the defendants, by reason of the facts stated, were indebted to him in the sum of eight hundred dollars; that no bill of particulars of said claim or account was filed with the complaint, because said Droitceur and the defendants all refuse to give the plaintiff any itemized statement or bill of particulars of the same, although often requested so to do; that said Droitceur voluntarily surrendered and gave up said claim to the sheriff, representing that the same was about eight hundred dollars, and all right, and that he could not give the items thereof, because the book in which the account was kept was not then accessible to him, but promising to give such items at his earliest con-

venience. Wherefore said claim was levied upon as amounting to eight hundred dollars, more or less. Droitceur was made a defendant, to answer as to his interest in the account.

A demurrer for want of sufficient facts was sustained to the complaint, and, the plaintiff refusing to plead further, final judgment upon demurrer was rendered for the defendants.

Section 438 of the code, 2 R. S. 1876, p. 208, provides that "Any debt or thing in action, legally or equitably assignable, may be levied upon, when given up by the defendant, and sold on execution, in the same manner as other personal property." The succeeding section further provides that "The sheriff making the sale of any such debt, or thing in action, shall assign and deliver the same to the purchaser, and the assignment shall have the same effect as if made by the execution defendant at the time of making the levy thereon, and shall be treated as so made."

We think these two sections, when construed together, must be taken to mean that the debt or thing in action, which may be given up by an execution defendant, and levied upon and sold by the sheriff, and afterward assigned and delivered by him, must be some tangible and well identified cause of action, upon which suit may be brought by the purchaser in the same manner as might have been done by the execution defendant, and capable of being assigned and delivered to the purchaser, such as a paper writing signed by some third person, a duly itemized account, or other chose in action, described upon or by some paper.

The complaint in this case appears to us to have been fatally defective, for want of a sufficient description or identification of the claim purchased by the appellant, as well as the nature of the demand preferred by him against the appellees. His inability to obtain a better description or identification was a misfortune, for which the averments of the complaint suggest no adequate remedy.

The assignment of the sheriff to the appellant was not the

foundation of this action, and hence it did not become a. part of the complaint by being filed with it. The demurrer to the complaint, therefore, raised no question upon the assignment in the court below, and the facts recited in the assignment can not be considered by us here, in aid of the averments of the complaint. *Ragsdale* v. *Parrish, ante,.* p. 191; *Parsons* v. *Milford,* 67 Ind. 489.

Whether other objections might not be urged against the complaint is a question we have not considered.

The judgment is affirmed, with costs.