(19 App. Div. 228.)
### KRATZENSTEIN v. LEHMAN.

(Supreme Court, Appellate Division, First Department. June 18, 1897.)

ATTACHMENT—PROPERTY SUBJECT—INSURANCE POLICY.

A life insurance policy which has not matured, and on which premiums are still to be paid, but which has a surrender value, is not an instrument for the payment of money, within the meaning of subdivision 2 of section 649 of the Code of Civil Procedure, such that a levy must be made thereon under a warrant of attachment by taking the same into the sheriff's actual custody; but a levy may be made thereon by serving a copy of the warrant and a notice showing the property attached, as provided in subdivision 3.

Ingraham and Patterson, JJ., dissenting on the ground that there is no cause of action against the insurance company, and that a policy belonging to a nonresident is not a contract found within the county.

Appeal from appellate term.

Action by Herman Kratzenstein against Charles Lehman, impleaded, etc. From an order of the appellate term (44 N. Y. Supp. 369) reversing an order denying a motion to enjoin a sale on execution, plaintiff appeals. Affirmed.

Argued before RUMSEY, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

Moses Weiman, for appellant.
Abraham Gruber, for respondent.

RUMSEY, J. The serious question presented in this case is whether the levy made by the sheriff by virtue of the warrant of attachment was sufficient to give him the custody of the property levied upon, and thereby give the court jurisdiction to enter judgment in the action. The property levied upon was the interest of the defendant Lehman in a policy of insurance upon his own life issued by the Manhattan Insurance Company, which was not yet matured, but upon which premiums were to be paid. As appears by the papers, the policy was an agreement on the part of the company to pay the sum of $5,000 in 10 years to Lehman, if he should then be alive, or, if he should die before that time, to pay that sum to his personal representatives. It was the ordinary insurance policy, and, as may be inferred from the papers, premiums were still payable upon it. Section 88 of the insurance law gave a surrender value to it, and that value at the time of the levy, as appears by the affidavits, was $500. The levy was made by serving a copy of the warrant of attachment and notice showing the property attached upon the life insurance company in the manner provided by subdivision 3 of section 649 of the Code of Civil Procedure. It is claimed by the appellant that this levy was not sufficient, but that the sheriff, to complete the levy, should have taken the property into his actual custody as required by subdivision 2 of the section last referred to. The correctness of this contention depends upon the answer to the question whether an unmatured policy of life insurance is an instrument for the payment of money, within the meaning of this subdivision. The words of the law are that a levy under a warrant of attachment must be made upon personal property capable of manual delivery, including a bond, a promissory note, or

other instrument for the payment of money, by taking the same into the sheriff's actual custody. The meaning of this term, "an instrument for the payment of money," is the thing to be determined. Some light is thrown upon that question by an examination of section 648 of the Code of Civil Procedure, which prescribes upon what property an attachment may be levied, and directs that it may be levied upon a cause of action arising upon a contract, "including a bond, promissory note or other instrument for the payment of money only, negotiable or otherwise, whether past due or yet to become due, executed by a foreign or domestic government, state, county, public officer, municipal or other corporation, or by a private person, either within or without the state, which belongs to the defendant and is found within the county." In this case, clearly, the words "instrument for the payment of money only" refer to the securities which are described thereafter. These securities are such as are made primarily for the payment of money, and they involve in every case a promise to pay a sum of money stated therein to the person who is entitled by the terms of the paper to receive it, or who is the owner of it. The payment of the sum of money is the primary object for which they are made. While they do not always pass by delivery, but sometimes require an indorsement to transfer a complete title, yet they are usually paid or payable only to the person who has them in his actual possession; and the possession itself is ordinarily required, as satisfactory evidence of the right to receive the money which is to be paid by their terms. While they are, in a technical sense, choses in action, yet practically the paper itself is property, is regarded as such, and is dealt with like other tangible personal property. These instruments are primarily those intended to be included within the term "instrument for the payment of money." It is not necessary to say, however, that other instruments which have for their primary object the payment of a sum of money by one person to another, upon a past consideration, may not be included within the meaning of the term "instrument for the payment of money," under subdivision 2 of section 649. Whenever it shall appear that the primary object of any instrument was to assure to any person the payment of a certain sum of money upon a consideration that is no longer executory as to him, and where the only thing to be done to complete the contract is to pay the money for which the paper was primarily made, that, we think, may be said to be an instrument for the payment of money, under the provisions of this subdivision. In one sense, every contract upon a consideration to be paid may be an instrument for the payment of money, if the consideration is money to be paid by one party to another. Such is the case with a building contract by the terms of which the consideration is to be paid to the builder, or of a contract for the purchase of real estate, by which the purchase price is to be paid to the seller. The primary object of such a contract, however, is not the payment of money, but the transfer of property, or to procure the performance of a service; and therefore those contracts cannot be regarded as instruments for the payment of money within the meaning of the Code.

While the primary object of a policy of life insurance is to secure the payment of a sum of money by the insurer to the person who is by the

terms of the contract finally to be entitled to receive it, and to that extent the contract does not resemble those which have just been mentioned, yet in other respects it is not unlike them.    The right to have the amount of the policy paid depends upon the payment of the premiums as required by the terms of the paper.    The duty of the insurer to pay the face of the policy is purely contingent upon the performance by the insured of the conditions assumed by him.    During the whole time, therefore, until the premiums are fully paid, and while the policy is unmatured, it is purely executory on both sides, and it differs substantially in that regard from contracts of the nature of those mentioned in section 648 of the Code, which, so far as the recipient of the money is concerned, are fully executed, and in which there is nothing to be done to complete the contract except to pay to the person entitled to receive it a fixed sum of money, specified in the contract itself.    The distinction between the two kinds of contracts is obvious, and we think in that distinction lies the difference between an instrument for the payment of money, such as is included in the second subdivision of the section, and a demand constituting simply a chose in action, included in the third subdivision.    Any contract, whatever may be its object, which requires on the part of the person who is to receive the money some act which he must do to entitle him to receive it, so that, so far as he is concerned, the contract is still executory, cannot be said to be an instrument for the payment of money, under this provision.    In several sections of the Code the phrase or its equivalent is used, and some of these sections have been the subject of interpretation by the courts.    For instance, section 1778 provides that in an action against a corporation to recover damages for the nonpayment of a promissory note, or other evidence of debt, for the absolute payment of money, the issues presented by the pleadings shall not be tried except by order of the court or a judge. In an action brought under that section, it has been held that a policy of life insurance, although it was then matured and become payable, was not an evidence of debt for the absolute payment of money upon demand.    The courts say there is a distinction between an instrument which recognizes on its face the existence of debt, which it promises to pay absolutely and at a particular time, and one which acknowledges no existing debt, but agrees that in certain contingencies, and upon the fulfillment of certain conditions, one shall arise in the future. The distinction is taken between an instrument which upon its face, and by itself, is an evidence of debt absolutely payable, and one in which the payment of the debt depends upon conditions yet to be performed by the person who is to receive the money when it becomes due. The same thing was held in the case of McKee v. Insurance Co., 25 Hun, 583, in which it was said that a policy of insurance was not an evidence of debt, but it was a conditional contract.    While these cases are not precisely in point, yet they show the distinction which is to be made between a contract where the payment of the money is the only thing yet to be performed, and one by which the person who is to receive the money is still bound to certain conditions, the performance of which must be had before his right to receive the money is complete.    The connection in which these words stand in the section

is also to be considered. The section, by its terms, applies to bonds, notes, and other instruments for the payment of money; and it should be construed as including within these other instruments that very large class of securities, many of which are mentioned in section 648, but all of which are alike in the respect that they provide for the absolute payment of a certain sum of money upon a past consideration, and are regarded themselves, substantially, as property. The case of Hankinson v. Page, 12 Civ. Proc. R. 279, 19 Abb. N. C. 274, holds that a policy of life insurance which has become mature and payable by the death of the assured, so that it is substantially a unilateral contract, providing simply for the payment absolutely of a certain sum of money, the consideration for which is entirely past, is within this subdivision. Between a contract of life insurance in that condition, and one situated as is this contract, there is a very considerable difference; and, although that case may have been well decided, the principles laid down there do not conflict with the conclusions reached here, which are that the levy in this case was a sufficient one to give the court jurisdiction.

We have also considered the other questions raised by the appellant, and do not think that they are sufficient to warrant a reversal of the order. For these reasons the order appealed from must be affirmed, with costs.

. PARKER and O'BRIEN, JJ., concur.

INGRAHAM, J. (dissenting). I cannot concur with Mr. Justice RUMSEY in his opinion. This is an appeal from an order of the appellate term which affirmed an order of the city court denying a motion to vacate a judgment entered in favor of the plaintiff against the defendant on the ground that no levy had been made under the attachment granted in the action, and as the summons was served by publication the plaintiff was not entitled to enter a judgment without proof of such levy. It seems to have been conceded in the court below that the right to enter a judgment depended upon the proof of a levy upon some property of the defendant appellant under the attachment in the action. The defendant appealing is a nonresident of this state, residing in the state of Louisiana; and the only property that it is claimed he had within this state arose from the fact that a life insurance company doing business here had issued to such defendant a policy of life insurance by which he would in the future, upon the payment of the premiums provided in this policy, be entitled to receive from such insurance company a sum of money. The only act of the sheriff by which a valid levy upon this policy of insurance is claimed was the service of a notice of the attachment upon the insurance company. It is not claimed that there was any sum of money due by the insurance company to the plaintiff at the time of the alleged levy or at the time of the entry of the judgment; nor does it appear that this defendant would ever be entitled to recover any sum of money against this insurance company. It is alleged that the surrender value of the policy is $500, but the terms of the policy are not disclosed; nor does it appear upon what this allegation of the plaintiff, who certainly can

have no personal knowledge of the terms or conditions of the policy, is based. The property upon which the sheriff can levy under a warrant of attachment is specified in sections 644 to 648 of the Code, inclusive. The only section that relates to this species of property is section 648, which provides that:

"The attachment may also be levied upon a cause of action arising upon contract; including a bond, promissory note, or other instrument for the payment of money only, negotiable or otherwise, whether past due, or yet to become due, executed by a foreign or domestic government, state, county, public officer, association, municipal or other corporation, or by a private person, either within or without the state, which belongs to the defendant, and is found within the county."

This provision thus provides for a levy upon a cause of action arising upon a contract which belongs to the defendant, and is found within the county. It seems to me that for several reasons this policy of insurance does not come within this section. In the first place, there is no cause of action that at present exists in favor of this defendant against the insurance company. The right to levy is upon a cause of action arising upon a contract, not upon a contract executory in its nature, under which no liability at present exists, and upon which a cause of action may never arise; and, in the second place, by the express provisions of the section a cause of action arising upon a contract can never be levied upon unless the contract is found within the county. The language as to this condition, "and is found within the county," is somewhat peculiar. Whether it relates to the cause of action, or the contract upon which the cause of action is based, is somewhat uncertain; but, from the nature of the property that is spoken of, it must, I think, be held that the words used apply to the contract, and not to the cause of action. The cause of action itself is an intangible thing, which cannot be said to be found anywhere. A contract upon which the cause of action depends is something tangible, and upon which a levy can be made. The Code does not say that a levy can be made upon a cause of action where the debtor can be found within the county, but a levy can be made upon a cause of action arising upon a contract when it can be found within the county; clearly indicating, I think, a limitation to this right to levy under a warrant of attachment, under such circumstances, to a case in which the contract itself upon which the cause of action is based can be taken possession of by the sheriff, and thus the levy made effectual. That this was the intention of the legislature seems to me to follow from section 649 of the Code, which provides how a levy under a warrant of attachment may be made. By subdivision 2 of that section it is provided that a levy may be made upon personal property capable of manual delivery, including a bond, a promissory note, or other instrument for the payment of money, by taking the same into the sheriff's actual custody; and by subdivision 3 it is provided that a levy may be made upon other personal property by leaving a certified copy of the warrant, and a notice showing the property attached, with the person holding the same; or, if it consists of a demand other than as specified in the last subdivision, with the person against whom it exists. Now, this claim does not come within either of those subdivisions, unless it may be included

within the second, which includes "a bond, promissory note, or other instrument for the payment of money." In that case the levy was not complete, because the sheriff did not take the instrument into his actual custody. The claim against the insurance company was not a demand other than as specified in subdivision 2 of the section, so as to bring it within the provisions of subdivision 3, because it is conceded that no present demand against this insurance company exists. There is simply an executory contract, by which, in the future, the defendant may become entitled to a sum of money from the insurance company, but which depends upon the compliance by the plaintiff with the terms of the policy, the right to enforce which will remain with the defendant; and the service of this attachment would not be a bar to an action by the defendant in another jurisdiction to recover the amount due upon the policy in the event of any liability subsequently accruing. I think the order appealed from should be reversed, and the motion to vacate the judgment granted.

PATTERSON, J., concurs.