[L. A. Nos. 774, 775, 776.  Department Two.—December 22, 1900.]

H. E. HOXIE, Respondent, v. E. I. BRYANT, Appellant.

EXECUTION—LEVY AND SALE OF NOTE AND MORTGAGE.—A note and mortgage of which the sheriff can obtain the peaceable possession is personal property, capable of manual delivery, which may be levied upon by taking them into custody, and may be sold by the sheriff under execution.

ID.—MODE OF TAKING CUSTODY—ORDER OF COURT.—It is immaterial whether the taking of the note and mortgage was done by order of the court or otherwise, if the sheriff had a right to levy thereupon under execution.  An order of court to deliver to the sheriff a note and mortgage in the custody of the clerk, to be levied upon under execution, if unnecessary, can do no harm.

ID.—FRAUDULENT SALE OF NOTE AND MORTGAGE—JUDGMENT FOR RESCISSION—ORDER PERMITTING EXECUTION SALE—ESTOPPEL OF DEFENDANT.—Under a judgment rescinding a fraudulent sale of a note and mortgage by defendant to plaintiff, and adjudging repayment of the purchase money by the defendant, and the return of the note and mortgage, deposited in court by plaintiff, to be delivered up upon such repayment, where the defendant has persistently refused to comply with its terms, and the note and mortgage are about to outlaw, the defendant can-

not be heard to complain of an order permitting the delivery of the note and mortgage to the sheriff to be sold under execution upon the judgment, and of the purchase thereof by the plaintiff thereunder for the purpose of foreclosure.

Id.—Untenable Motions.—Motions made by the defendant, after such execution sale and purchase of the note and mortgage by the plaintiff, and the commencement of an action to foreclose the same, to set aside the order of the court, and to set aside the levy and sale and recall the execution, and that the judgment in the action to rescind be declared paid, satisfied, and discharged, are properly denied.

APPEALS from orders of the Superior Court of Los Angeles County refusing to set aside a previous order authorizing the clerk to deliver a note and mortgage to the sheriff, and refusing to set aside a levy and sale by the sheriff, and to recall the writ of execution, and refusing to declare the judgment paid, satisfied, and discharged. D. K. Trask, Judge.

The facts are stated in the opinion.

Goodrich & McCutchen, for Appellant.

An evidence of debt cannot be levied upon and sold under execution. (*McBride v. Fallon,* 65 Cal. 301; *Dore v. Dougherty,* 72 Cal. 232.[1]) The plaintiff has converted the note and mortgage to her own use, and is liable, *prima facie*, for the amount thereof which would satisfy the judgment. (Civ. Code, sec. 3356; *Survey v. Wells-Fargo,* 5 Cal. 124; *Fogarty v. Finlay,* 10 Cal. 239; *Outhouse v. Outhouse,* 13 Hun, 130. See, also, *Haber v. Brown,* 101 Cal. 453.) By bringing suit to foreclose the mortgage the right of rescission was defeated. (*Upper etc. Canal Co. v. Roach,* 78 Cal. 554; *Gamble v. Tripp,* 99 Cal. 223; *Marten v. Burns Wine Co.,* 99 Cal. 355; *Delano v. Jacoby,* 96 Cal. 282,[2] and cases.) Plaintiff should be estopped from enforcing the money judgment. (*Thompson v. Laughlin,* 91 Cal. 313.)

Charles T. Howland, and Works & Lee, for Respondent.

Under the circumstances of this case the defendant is estopped by his fraud, and by his fraudulent refusal to comply

[1] 1 Am. St. Rep. 48.        [2] 31 Am. St. Rep. 201.

with the decree, to question the action of the court and the levy and sale of the note and mortgage under execution. (2 Hermann on Estoppel, pp. 862, 864, 865, 872, pars. 731, 732, 736, 744.) The note and mortgage were personal property, capable of manual delivery, which might be taken into custody by the sheriff and sold under execution. (Code Civ. Proc., secs. 17, 542, 688; *Davis v. Mitchell,* 34 Cal. 87; *Donahoe v. Gamble,* 38 Cal. 352[3]; *Brown v. Anderson,* 4 Mart., N. S., 416: *Wilson v. Munday,* 5 La. Ann. 483; *Fluker v. Bullard,* 2 La. Ann. 338; *Stockton v. Stanbrough,* 3 La. Ann. 390; Freeman on Executions, p. 148, par. 112; Tiedeman on Commercial Paper, p. 418, par. 251; 2 Randolph on Commercial Paper, p. 487, par. 826; Byles on Bills, Sharswood's 4th ed., *237, 241.)

COOPER, C.—In May, 1894, the defendant was the owner of a promissory note and mortgage made by one Lewis to him for the sum of five hundred dollars. The maker of the note was insolvent, and the lands described in the mortgage were of small value, not to exceed one hundred dollars. Defendant went to plaintiff, and by false representations in regard to the value of the land mortgaged and by taking plaintiff and showing her different lands, representing that he was showing the lands mortgaged, succeeded in selling the note and mortgage to plaintiff for its face value, five hundred dollars. As soon as plaintiff discovered that she had been deceived and defrauded she brought the present action in the superior court to rescind the sale and to recover of defendant the amount paid him with interest. The judge of the court below found the transaction on the part of defendant fraudulent, fully stating the facts constituting the fraud, and adjudged that the sale be rescinded, that plaintiff recover the amount paid to defendant, with interest and costs, and that the note and mortgage, which had been filed with the clerk of the court, be delivered up to defendant upon his paying the amount so adjudged to be due plaintiff. This judgment was entered October 27, 1897, and has become final. The defendant has never paid the judgment, and it does not appear that plaintiff can in any way obtain satisfaction of the same.

On the eleventh day of March, 1899, the plaintiff filed a petition setting forth, among other things, that the note and

[3] 99 Am. Dec. 399.

mortgage had been filed as exhibits at the trial, and were in the
clerk's office; that the judgment had never been paid, and that
the note and mortgage would become barred by the statute of
limitations on the fifth day of April, 1899, and praying for an
order permitting the sheriff to levy an execution in the action
upon the said promissory note and sell the same thereunder.
The court made an order as prayed for in the petition, and au-
thorized the clerk to deliver up the said note and mortgage to
the sheriff, for the purpose of permitting execution to be levied
thereon.

In pursuance of the order the sheriff levied upon the note
and mortgage, took them into his possession, and after notice
sold them to plaintiff, who was the highest bidder therefor.
On April 4, 1899, the day before the statute would run against
the note and mortgage, plaintiff filed a complaint for the fore-
closure thereof, which action is still pending. On April 12,
1899, the defendant made three motions: 1. To set aside the
order of court authorizing the levy on the note and mortgage;
2. To set aside the levy and sale and recall the writ of execu-
tion; 3. That the judgment in the action be declared paid, sat-
isfied, and discharged.

These motions were each denied, and defendant has appealed
from the orders by three separate appeals, which are brought up
in the same transcript. The first two motions involve practi-
cally the same proposition, and may be considered together.

The main question involved and discussed is as to whether
or not the sheriff may levy a writ of execution upon a promis-
sory note, and sell it as personal property capable of manual de-
livery. If the note could be so levied upon and sold, it is im-
material whether done by order of court or otherwise. The
order probably was unnecessary, but it did no harm. There is
no question here involved as to the right of the sheriff to take
possession of a promissory note in the hands of the judgment
debtor. Neither is there any question as to the rights of any
other creditor, except the plaintiff, who had the execution is-
sued upon her judgment. The question, then, is simply as to
the right of the plaintiff to levy an execution upon a promissory
note in such position and custody that the sheriff may peaceably
take the actual possession of it. The promissory note was per-

sonal property. (Code Civ. Proc., sec. 17, subd. 3.) Property, may be attached or taken on execution in like manner as upon writ of attachment. (Code Civ. Proc., sec. 688.) Personal property capable of manual delivery must be attached by taking it into custody. (Code Civ. Proc., sec. 542, subd. 3.)

In the case of *Davis v. Mitchell*, 34 Cal. 81, the matter was fully considered, and it was held that under the provisions of the practice act, which are similar to the provisions of the code on the same subject, that a promissory note is subject to seizure and sale under execution. This case was cited with approval in *Donohoe v. Gamble*, 38 Cal. 352,[4] and has never been over-ruled, and we see no reason for changing the rule as therein laid down. This court in *McBride v. Fallon*, 65 Cal. 303, refers to the case of *Davis v. Mitchell, supra,* and says: "We could not with our present views assent to the doctrine of that case"; but the court was discussing the question as to whether or not a judgment could be levied upon and sold under execution as personal property capable of manual delivery. The question here presented was not in any way involved in the case. In *Dore v. Dougherty*, 72 Cal. 235,[5] it was held that a judgment was not subject to levy and sale under execution as personal property capable of manual delivery. The distinction between a judgment and a promissory note is plain. The judgment is a matter of record. It is the record evidence of the debt due by the judgment debtor. It is not capable of being taken out of the book where it is recorded and personally delivered. The sheriff cannot seize the judgment, take possession of it, and sell it. But a promissory note, negotiable in form, which passes in the commercial world by indorsement and delivery and is subject to sale, is quite different. The owner of such promissory note cannot refuse to pay a just judgment against him and claim the note as exempt from execution. If it, in any way, can be found and seized by the sheriff on execution, it may be sold and delivered to the purchaser.

A similar statute exists in Louisiana (Code of Practice, sec. 647), and it is held in that state that promissory notes may be levied upon and sold. (*Fluker v. Bullard*, 2 La. Ann. 338;

---

[4] 99 Am. Dec. 399.    [5] 1 Am. St. Rep. 48.

*Stockton v. Stanbrough,* 3 La. Ann. 390; *Nugent v. McCaffrey,* 33 La. Ann. 271.)

In Iowa an execution may be levied upon a promissory note and the note sold by the sheriff. (Iowa Rev. Stats., sec. 3272; *Earhart v. Gant,* 32 Iowa, 483.) And so in Indiana. (2 Rev. Stats. 1876, sec. 438, p. 208; *Bay v. Saulspaugh,* 74 Ind. 399.)

In Freeman on Judgments, third edition, section 112, the author in stating the rule says: "There are many choses in action, which from their intangible character, seem to be incapable of being made the subjects of direct levy and sale. Of this character are all debts and credits not evidenced by writing or by something capable of being seized and taken into possession or in some manner made to bear witness to a change in their ownership." He then enumerates both accounts and judgments as being such property. In a late case decided by the supreme court of New York (*Kratzenstein v. Lehman,* 46 N. Y. Supp. 71, 19 N. Y. App. Div. 228), in speaking of the authority given by the code of New York to levy upon a promissory note, the court said: "While they do not always pass by delivery, but sometimes require an indorsement to transfer a complete title, yet they are usually paid or payable only to the person who has them in his actual possession; and the possession itself is ordinarily required as satisfactory evidence of the right to recover the money which is to be paid by their terms. While they are, in a technical sense, choses in action, yet practically the paper itself is property, is regarded as such, and is dealt with like other tangible personal property."

The motions were, therefore, properly denied. Aside from the main point the defendant is not in position to complain. He does not appear to have paid the judgment or to have in any way attempted to get the promissory note and mortgage. He made no attempt to prevent the note from becoming barred by the statute, and when he made these motions the statute, but for the act of plaintiff, would have run. If the motions had been granted the promissory note and mortgage barred by the statute would probably be worthless. It seems that defendant intends, as appears by this record, not only to leave plaintiff's judgment unpaid, but to attempt to keep plaintiff from selling the mortgaged lands which the court found to be what

is known as "wash land and worthless." While defendant is entitled to his legal rights, yet his position here certainly does not commend him to the favorable consideration of a court of equity.

It follows that the orders, and each of them, should be affirmed.

Haynes, C., and Chipman, C.; concurred.

For the reasons given in the foregoing opinion the orders, and each of them, are affirmed.

McFarland, J., Henshaw, J., Temple, J.

Hearing in Bank denied.