JAMES Y. CALDWELL, Plaintiff in Error, vs. HENRY H. SIBLEY, Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

Minnesota State Railroad Bonds are personal property, capable of manual delivery; and as such, cannot be levied upon or attached, unless the attaching officer succeeds in getting them into actual possession and under his control.

The statute requiring the officer "to collect, and if necessary, in his name of office, sue for the debts and credits attached," &c., relates only to the proceedings of the officer after he has reduced the property to possession.

The proceeding by attachment is not remedial in its nature, and must be strictly construed. It cannot be extended by implication beyond the letter of the statute.

The facts are stated in the opinion of the Court.

The following are the points made on behalf of the Plaintiff in Error, which were considered by the Court and passed upon in the decision:

The bonds were a species of property subject to attachment,

and were duly attached in this case. The collated statutes provide, section 147, page 551, "that *all property* of the Defendant may be attached and sold to satisfy the judgment and execution." That the bonds in question, or rather, *the indebtedness which the bonds evidence,* are *"property,"* does not seem to admit of a doubt. How then are these bonds, or the indebtedness, of which they are the evidence, to be attached? Subdivision 2 of section 148, page 551, provides that "personal property capable of manual delivery to the Sheriff, must be attached by taking it into his custody." Subdivision 3 of the same section provides that "other personal property must be attached by leaving a certified copy of the warrant, and a notice specifying the property attached, with the person holding the same, or as to a debt with the debtor, etc." This last subdivision contemplates personal property which is subject to attachment, but which is in the hands of some person other than the Defendant, and of which the Sheriff cannot obtain possession; and therefore, special provision is made for attaching property so situated. The bonds in question are but the evidence of a debt, and that the statute contemplates that evidences of debt may be thus attached and sold, is clear from subdivision 4 of section 156, page 552, of the statutes, wherein it is provided that the Sheriff, *"upon the order of the Court,"* may sell the *"evidences of debt"* attached. If these bonds cannot be thus *attached,* there is no other process by which they can be reached, and by denying the validity of the attachment, a way would thereby be pointed out for debtors to place their effects in the pockets of some third person, and thus have their property beyond the reach of any legal process of their creditors. We do not think that such a proposition can be entertained by the Court for one moment. As the State cannot be sued, an indebtedness from the State to an individual or corporation cannot be reached except by seizing the evidence of such indebtedness, and when such evidences of indebtedness have been placed in the hands of a third person, to hinder, delay or defraud creditors, and the Sheriff cannot thereby obtain the actual possession of the same, they cannot otherwise be attached than as provided for

in subdivision 3 of section 148, as was done in this instance, and when so attached, subdivision 4 of section 156, before referred to, authorizes the Sheriff "*to collect*" the "*evidences of debt*" so attached. *The very fact that the statute authorizes him "to collect" the "evidences of debt" attached, contemplated that the same may be attached in the first instance without obtaining actual possession of the same.*

The following are the points and authorities relied upon by Counsel for the Defendant in Error:

*First.*—The complaint does not state facts sufficient to constitute a cause of action. The State Railroad Bonds upon which the alleged levy was made are choses in action and not leviable. *Ingalls vs. Lord*, 1 *Cowen, p.* 240 ; *Denton vs. Livingston*, 9 *John.* 100 ; *Rev. Stat. p.* 346, *Sec.* 139.

It will not be claimed that articles of the description mentioned in the complaint were subjects of levy and sale upon execution at common law. *Sections* 139 *and* 148 *of the Rev. Stat. pp. respectively* 346 *and* 348 *must be relied on.*

These Statutes do not change the common law. It is a well settled rule of construction that the common law cannot be taken away by implication, and will prevail over an ambiguous Statute. *Bac. Ab. Title Stat.*

These bonds are not " property " but evidences of debt.

*Second.*—The acts done by the Sheriff as stated in the complaint do not constitute a levy. The officer had no possession of the bonds. *Rev. Stat. p.* 346, *Sec.* 140, *Sub.* 1, 2 *and* 3 ; *ib. page* 348, *Sec.* 147, *Sub.* 4 ; *Westervelt vs. Pickney*, 14 *Wend.* 123 ; *Beekman vs. Lansing*, 3 *Wend.* 450 ; *Green vs. Burke*, 23 *Wend.* 490 ; *Vanwyck vs. Pine*, 2 *Hill* 266 ; *Drake on Attachments, Secs.* 249, 250 ; *Vorhies' N. Y. Code. Secs.* 234, 235.

The uniform doctrine of the books is that the officer must reduce the property to possession ; that he must have such possession as would enable him to bring trespass.

It is clear that no levy was made unless the Statutes of the State authorize a levy in this manner.

The statutes of the State expressly provide *how* the levy shall

be made, and that " personal property capable of manual delivery to the Sheriff, must be attached by taking it into custody."

If there could be doubt in the absence of this statute, in view of it the doubt is solved.

If State bonds are property subject to levy, they are certainly capable of manual delivery. The title passes by delivery. Section 147, subdivision 4, provides that notes or evidences of debts which may have been attached, may be collected by the Sheriff, or may be sold and the proceeds applied, &c.

This enactment proceeds of course upon the hypothesis that the "notes or evidences of debt" have been reduced to possession. It would be absurd to presume the statute as authorizing an action by a party not the holder of a negotiable promissory note, (these bonds are nothing else,) still more so to presume authority for a sale of personal property not in *view;* such a sale would be void.

The officer has proceeded in the case upon the mistaken assumption that subdivision 3 of section 140, page 346, was applicable to property of this kind.

Property not capable of manual delivery, "other personal property" as it is denominated in the subdivision last referred to, is property which from its intrinsic character, *i. e.* intangibility, cannot be reduced to actual custody.


Smith & Gilman, Counsel for Plaintiff in Error.

Brisbin, Spencer & Green, Counsel for Defendant in Error.


*By the Court*—Atwater, J.   On the 30th day of September, 1859, the Plaintiff in Error, then being Sheriff of Ramsey County, and as such Sheriff, served a warrant of attachment on the Defendant in Error, issued in an action in which McDonald, Graham & Co. were Plaintiffs, and the Minneapolis & Cedar Valley Railroad Company were Defendants. The property sought to be attached was fifty-three Minnesota State

Railroad Bonds, then being in the hands and possession of Henry H. Sibley, Defendant in Error. The manner in which said Bonds were attached by the Sheriff is stated in the complaint, viz: "that he attached the same by serving upon and delivering to said Sibley a true copy of said warrant of attachment, together with a written notice thereon to the Defendant that by virtue of said warrant of attachment he thereby attached said Bonds so in the Defendant's hands, as aforesaid." Judgment was rendered in favor of the Plaintiffs, McDonald, Graham & Co., against the Railroad Company, and the Sheriff brought this action in the Court below against Sibley, to obtain the actual possession of the Bonds, alleged to have been attached by him as aforesaid.

The answer of the Defendant below denies (among other things) that the Plaintiff ever attached the Bonds, but does not deny the facts in relation to the manner in which said Bonds were attached, as stated in Plaintiff's complaint. To this answer the Plaintiff demurred, and one of the grounds of demurrer stated is, that "the denial that the Plaintiff 'duly attached the Bonds,' is a denial of a legal conclusion; and the answer does not deny the acts done by the Plaintiff, as set forth in the complaint, constituting the due attachment of the Bonds." This brings the question directly before the Court, as to whether the facts stated in the complaint constitute a good service of the warrant. Other points were raised on the argument, but in the view taken of this by the Court, it will be unnecessary to consider any other.

The statute upon the subject of attachments provides (*Rev. Stat.*, *p.* 551, *Sec.* 40, *sub.* 2) that "personal property capable of manual delivery to the Sheriff, must be attached by taking it into his custody." That these Bonds are personal property will not probably be disputed; (2 *Kent. Com.*, *p.* 400;) nor can it be claimed with show of reason that they are not "capable" of manual delivery. They are as much capable of such delivery as specie, bank bills, a horse, or anything which can be handled by the officer, and removed by him. The statute is imperative, and declares that such property *must* be attached by taking it into the custody of the officer. The next subdi-

vision of the same section provides how other personal property, that is, property not capable of manual delivery, must be attached. There are many species of personal property to which this provision may apply, as logs, buildings not attached to the realty, growing grain, &c. It has always been held, that the proceeding by attachment not being of a remedial nature, the statute must be strictly construed. It cannot be extended by implication, to enforce rights or claims of the creditor, beyond what the letter of the statute allows. It will necessarily follow that cases will arise where this process cannot be made available to reach the property of the debtor. Money, or other personal property in his pocket, which he refuses to deliver into the custody of the officer, cannot be reached by the writ. No title is obtained by the Sheriff, because he has no possession. We find no authorities that hold that writs of attachment or execution can be levied on personal property, where the same is not in the view, nor can be reduced to possession by the officer, but on the contrary, the authorities uniformly hold that in such cases no valid levy can be made. ( *Westervelt vs. Pickering,* 14 *Wen,* 123; *Beckman vs. Lansing,* 3 *Ib.* 450; *Green vs. Burke,* 23 *Wen,* 490; *Vanwyck vs. Pine,* 2 *Hill,* 666; *Hurd vs. Fairbanks,* 5 *Met.* 111; 6 *Shep.* 231; 9 *Ib.* 337; 12 *John.* 402; 16 *John.* 287.) In the latter case it was held that " a proclamation of a levy of goods locked up, and not within the view of the Sheriff, is no levy."

The Counsel for the Plaintiff in Error cites, in support of this attachment, *Sec.* 143, *Rev. Stat., p.* 552, and claims that the language, " he must also collect, and if necessary, in his name of office sue for the debts and credits attached," &c., by implication, at least recognizes the idea that personal property may be attached where the officer cannot obtain possession of the same. We think the Counsel has mistaken the intent of this section, which only directs the Sheriff how to proceed *after* the attachment is duly levied, that is, after he has reduced the property to possession. Then he must collect (that is, collect the money) the debts he has attached, and if they cannot be otherwise collected, he is authorized to sue for these

debts and credits and realize the money on them. But he. cannot proceed to collect them until he has the debts and credits in his possession. *Subdivision* 4 *of Sec.* 148 of same chapter is to the same effect, and also provides for the proceeding of the officer in sueing for or selling the debts, &c., that have been attached. These provisions all imply that the officer has the property *in his possession* by virtue of the writ of attachment, for the last clause of *subdivision* 4, above referred to, provides that "when the judgment and costs shall have been paid, the Sheriff, upon reasonable demand, must *deliver over to the Defendant the residue* of the attached property, or the proceeds thereof." Sections 149, 150, and 151 of the same chapter, still further confirm the view here taken, and the whole taken together, do not authorize the presumption that the Legislature intended to provide that personal property capable of manual delivery, may be attached, (where possession cannot be had,) by serving a notice, and a suit be afterwards brought to obtain possession of the property attempted to be attached. We are not aware of any State in which such a practice prevails, and unless expressly authorized by our statute, it should not be sanctioned, as it would be overturning the well settled rules of law, and lead to much inconvenience in practice. The whole theory of the law upon attachment is based upon the idea that the officer must obtain possession of the property attached; which possession is obtained in the case of real estate, and of personal property not capable of manual delivery, by complying with the provisions of the statute in relation thereto. But there is no provision by which personal property capable of manual delivery may be attached, otherwise than for the officer to take the same into his actual possession, and have the same under his entire control. As these bonds were not so attached, the levy cannot hold, and the judgment below must be affirmed.