Allison & Crane v. King.

---

ALLISON & CRANE v. KING.

1. **Promissory note:** JUDICIAL SALE. September 28th, 1858, plaintiffs by verbal contract bought of P. a note on B., dated March 1st, and due September 10th, 1858, payable to P. or order, and then in the hands of G.; on September 29th plaintiff demanded the note of G., and he refused to deliver it; and on April 23, 1859, at noon, they advised B. that it had been transferred to them; and on the same day, at 8 o'clock A. M., C. levied an execution against P. upon it and took it from the hands of G.; subsequently it was sold under the execution to K., who procured payment thereof from B. *Held*, that K. could not be held liable for the amount received on the note from B., in the absence of an allegation that he had notice of the rights of plaintiff in the note at the time he purchased it at the judicial sale.

*Appeal from Jones District Court.*

THURSDAY, OCTOBER 18.

DEMURRER to petition sustained; plaintiffs excepted and appeal.

*J. L. Sheean* for the appellant.

*I. M. Preston & Son* for the appellee.

Allison & Crane v. King.

WRIGHT, J.—The substance of the petition is as follows : September 28, 1858, plaintiffs, by verbal contract,

1. PROMIS-
SORY NOTE:
judicial
sale.

bought of Pendergast a note on Barrett, dated March 1, and due September 10, 1858. This note was in the hands of Griffin, and was payable to Pendergast or order. Plaintiffs demanded the same of Griffin on September 29 ; he refused to deliver it, and on the 23d of April, 1859, at noon, they advised Barrett that it had been transferred to them. Prior to this last date, Clancy, acting by his attorney, the present defendant, had obtained judgment against Pendergast. On the 23d of April, 1859, issued an execution, and at 8 o'clock A. M. of that day levied upon this note, and took the same from the hands of said Griffin. Some time in May it was sold by the officer, under this execution, and bought by the defendant, who procured payment thereof from Barrett. There was never any sale or indorsement of said note by Pendergast to any one, other than as above stated. The ground of demurrer was the absence of any allegation of fraud on the part of defendant, or notice to him of said sale by Pendergast to them.

The case has been submitted without reference to authorities, and we shall decide but one question, and that is, can defendant be held liable for the amount received by him of Barrett, having bought the note at a judicial sale, without notice of plaintiffs' rights, it being conceded that they had, prior to that time, obtained, by verbal transfer, the interest of the payee therein ?

Appellants claim that the case of *Allison* v. *Barrett* (16 Iowa, 278), growing out of this same transaction, settles this question in their favor. This is not our understanding of that case. There Barrett had notice of plaintiff's interest in the note *before* he paid the same to this defendant. Here, however, there is no averment that defendant had such notice before his purchase. The note

was, apparently, the property of Pendergast, and, as such it was seized to satisfy his debt. It was not the property of plaintiffs, left in his hands as bailee. Nor was it their property, left by them in the hands of Griffin as such bailee. But originally the property of Pendergast, the claim is that he sold it to the plaintiffs. But of this sale there was no notice, actual or constructive, to defendant. This note was property—"personal property"—for these terms include "evidence of debt," and "things in action." Rev., § 29, cl. 9. Being such, its transfer without notice, actual or constructive, as provided in section 2201, would not avail the transferee against a purchaser for value.

Then again, in the case relied on, it appeared that King had notice of the transfer of the note *before* the sale by the officer, though after the levy. This petition contains no such averment. And herein is the radical error of the pleader. If King bought and paid his money without notice of the sale of this note to plaintiffs, or of their interest therein, he would be protected. True it is, that he bought but the interest of Pendergast therein, but that interest the law treats as complete or full, as against plaintiffs, in the absence of notice of their purchase, if there was notice *before* the judicial sale, though *after* levy a very different question would arise. This petition fails to aver notice at any time.

In the cases heretofore decided by this court, analogous to this, the question arose between the creditor and purchaser, the creditor having notice after the seizure and before sale under the writ. We cite the following as of this character: *Thomas* v. *Hillhouse*, 17 Iowa, 67; *Norton* v. *Williams*, 9 Id., 528; *Sausee* v. *Wilson*, 17 Id., 582. The case of *Rakestraw* v. *Hamilton*, 14 Id., 147, is not in conflict, for there the party claiming adverse to the title under the judicial sale had possession of the

property at the time of the levy, and this the defendant (the purchaser under the execution) knew.

No case has been brought to our attention which gives priority to a purchaser from the debtor over one purchasing at a judicial sale, who pays his money in ignorance of such prior purchase. And we are not prepared to award such priority in this case, where the subject of sale was a promissory note, attempted to be transferred by a verbal sale, bearing no marks of assignment or sale, found in the hands of the payee's agent, levied upon and sold in the manner pointed out by the statute, and purchased thereunder in good faith by defendant.

In our opinion the demurrer was properly sustained, and the judgment is

Affirmed.