J. C. NORDYKE v. CHARLTON & STALKER *et al.,* Defendants, and JAMES SINGLETON *et al.,* Interveners, Appellants.

**Attachment:** MANUAL TAKING: *Promissory notes.* Code 1873, section 2967. subdivision 2, provides that, if property which it is sought to attach is capable of manual delivery, the sheriff must take it into his custody. Subdivision 4 provides that debts due defendant are attached by garnishment thereof. Section 2990 provides that the garnishee shall not be made liable on a debt due by negotiable paper, unless such paper is delivered or he is indemnified from all liability thereon after satisfying the judgment. Section 3046 allows execution to be levied on things in action. Section 45, subdivision 9, 10, provides the words "personal property" shall include evidences of debt and things in action. *Held,* that promissory notes could be attached by taking manual possession.

*Appeal from Keokuk District Court.*—Hon. Ben McCoy,
Judge.

Tuesday, May 16, 1899.

Action aided by attachment to recover the amount due
on a promissory note. The writ of attachment was levied
on six promissory notes and other property, a receiver was
appointed to take charge of the attached property, and judg-
ment was rendered in favor of the plaintiff for the amount
due on the notes. Thereafter twenty-two persons intervened,
claiming liens on the attached property by virtue of attach-
ments in their favor, and their liens and that of the plaintiff
were adjudged to be co-ordinate and equal. Two years later
A. Anderson, cashier, and J. H. Young, intervened, claiming
rights to the six notes held by the receiver, paramount to
those of the prior interveners. The district court found that
the claims of the subsequent interveners were well founded,
and ordered the receiver to surrender to them the notes in con-
troversy. The prior interveners appeal.—*Reversed.*

*D. T. Stockman, C. H. Mackey, Hamilton & Donahoe,*
and *C. M. Brown* for appellants.

*H. M. Eicher* for appellees.

Robinson, C. J.—This cause was tried in the district
court on a stipulation as to the facts. From that it appears
that when this action was commenced and when the proceed-
ings involved in it were had, the makers of the notes in con-
troversy resided in Hitchcock county, in the state of
Nebraska. The defendant Charlton & Stalker is a partner-
ship which is said to have conducted a bank at Richland, in
this state, and was never located in Nebraska, nor did it
ever transact business in that state. A. C. Charlton and
Allen Stalker, who compose the firm and are defendants,
never resided in Nebraska, but for many years have been

residents of this state. The defendants are indebted to the plaintiff and each of the prior interveners, and judgment has been rendered in favor of each claimant for the amount due him. The attachment in each of the twenty-three cases in this state was levied on the six notes which were owned by Stalker alone, and which were delivered to the sheriff, and held by virtue of the levies, until they were placed in the hands of the receiver. The defendants also owed to each of the subsequent interveners the amount of a promissory note held by him, and about the time the actions were commenced in this state each of the subsequent interveners instituted, in the district court of Hitchcock county, Nebraska, an action against the defendants, aided by attachment, and nearly four weeks after the attachments issued in this state were levied on the six notes in controversy the makers of the notes were garnished under the attachments issued in Nebraska. The district court adjudged, in effect, that the garnishments in Nebraska created rights superior to those acquired by the levies made in this state.

Section 2967 of the Code of 1873 contains the following: "Stock or interest owned by the defendant in any company, and also debts due him, or property of his held by third persons, may be attached, and the mode of attachment must be as follows: (1) By giving the defendant in the action, if found within the county, and also the person occupying or in possession of the property, if it be in the hands of a third person, notice of attachment. (2) If the property is capable of manual delivery, the sheriff must take it into his custody if it can be found. * * * (4) Debts due the defendant, or property of his held by third persons, and which cannot be found, or the title to which is doubtful, are attached by garnishment thereof."

It is claimed by the appellants that the second subdivision of the section quoted, which requires the sheriff to take into his custody property capable of manual delivery which can be found, applies to the attachment of promissory

notes; while the appellees contend that the fourth subdivision, which provides for the attachment of debts by garnishment, alone applies. The word "property" includes both real and personal, and the words "personal property" include money, goods, chattels, evidence of debt, and things in action. Code 1873, section 45, subdivisions 9, 10. Promissory notes are evidences of debts, and things in action are therefore personal property, within the meaning of the statute. *Allison v. King,* 21 Iowa, 302. See, also, *Callanan v. Brown,* 31 Iowa, 333; *State v. Orwig,* 24 Iowa, 102; *State v. Patty,* 97 Iowa, 373. It is said in 1 Shinn Attachment, section 208, that "a bond, a promissory note, or any other instrument for the payment of money may be attached by taking the same into the actual custody of the officer, or the same result may be obtained by summoning the maker as garnishee." See, also, 2 Wade Attachments, section 458; *Anthony v. Wood,* 96 N. Y. 181; *Pelham v. Rose,* 9 Wall. 103; *Caldwell v. Sibley,* 3 Minn. 406 (Gil. 300). It is also said that "evidences of indebtedness are only susceptible of a valid levy by being reduced to the manual possession of the sheriff. If they are in the hands of a third person, who cannot or will not deliver them up, he must be cited as garnishee." 1 Shinn Attachment, section 209. It is true, as claimed by the appellees, that the seizure of property by attachment, whether by a direct levy or by garnishment, is regulated by statute, and that the determination of the questions in issue depends upon the proper interpretation of the statutes of this state. Section 3046 of the Code of 1873 provides that execution may be levied upon bank bills and other things in action. It is the general policy of the law to permit property which may be taken on execution to be held by attachment. Since promissory notes are things in action, and could have been taken and sold under execution, there could have been no reason, unless found in the absence of a statute, for not permitting them to be taken under a writ of attachment where manual possession of them could have been obtained by the officer

who executed the writ. But, as we have seen, section 2967 of the Code of 1873 required the sheriff, in serving a writ of attachment, to take into his custody property capable of manual delivery. Promissory notes are property and are capable of manual delivery. Therefore, unless subdivision 2 of the section cited is modified or limited by subdivision 4, there can be no question that an authorized and proper method of attaching promissory notes was for the officer to take them into his actual possession. Subdivision 4 does not state that debts due are attachable by garnishment only. In some cases garnishment is the only method by which debts can be attached, and that is true even though they are evidenced by promissory notes, as in cases where the officer cannot obtain possession of the notes. Section 2990 of the Code of 1873 provides that a garnishee "shall not be made liable on a debt due by negotiable paper, unless such paper is delivered, or the garnishee completely exonerated or indemnified from all liability thereon after he may have satisfied the judgment." It is the general rule that an indorsee for value before maturity, of a negotiable promissory note, takes it free from any previous garnishment of which he did not have notice. Rood Garnishment, section 133. This court held in *Hughes v. Monty,* 24 Iowa, 499, that section 2990 applies to indorsers of a negotiable promissory note which is past due. If subdivision 4 alone provided a means of attaching a debt evidenced by a promissory note, it is clear that the attachment of such a debt might have been defeated, at least when the note was negotiable and not due, by a transfer to an innocent purchaser, even though the officer serving the writ had the power to take actual possession of the note, and thus secure the debt for the payment of any judgment which should be obtained against the attachment debtor. To hold that an attachment could have been defeated in that manner would defeat the general policy and object of the statute which provided for attachments. It is true a negotiable promissory note is evidence of a debt which the maker owes,

but it is also evidence that the rightful holder is the owner of the amount represented by the note, and a legal transfer of the note transfers the title to the debt. The note is of substantial value, and is property. We are of the opinion that subdivision 4 did not modify or limit subdivision 2; that, in case of promissory notes, they authorized two methods of attachment,—one, by taking actual possession of the notes, where that could have been done; the other, by garnishment. This interpretation is authorized by the terms of the statute; it tends to harmonize the various provisions of the Code of 1873 in regard to attachments, and to effectuate the legislative intent. In this case it is shown that the attachments in Iowa were made, and possession of the notes in controversy taken by the sheriff several weeks before the garnishments were effected in Nebraska. Some of the notes were and some were not then due, but the time at which any of them matured is not material, for the reason that the garnishments did not create any interest paramount to the liens of the attachments which have been previously made. *Harvey v. Railway Co.,* 50 Minn. 405 (52 N. W. Rep. 905). See, also, *Manufacturing Co. v. Lang,* 127 Mo. Sup. 242 (29 S. W. Rep. 1010). We conclude that the district court erred in requiring the receiver to deliver the notes in controversy to the subsequent interveners. We find it is unnecessary to determine other questions discussed in argument. For the errors pointed out the judgment of the district court is REVERSED.

DEEMER, J., dissenting.