## No. 9205.

### CITIZENS NATIONAL BANK OF GLENWOOD SPRINGS *v.* FIRST NATIONAL BANK OF PORTLAND.

1. NEGOTIABLE PAPER—*When Maker Garnishable.* A check accepted by the Bank upon which it is drawn, is not due until payment is demanded, and in the meantime the Bank is not liable as garnishee thereof.

2. *Transactions Between Holder and Acceptor*, have not the effect to advance the maturity of the bill, as against a subsequent holder in due course.

3. *Certified Checks*, are a substitute for money and any rule that throws a doubt upon their validity is to be rejected.

*Error to Garfield District Court, Hon. Charles Cavender,
Judge.*

*Department Two.*

Mr. J. W. DOLLISON, Mr. JOHN L. NOONAN, Mr. J. W.
BELL, Mr. E. L. CLOVER, for plaintiff in error.

Messrs. HUGHES & DORSEY, Mr. E. I. THAYER, Mr. BER-
RIAN HUGHES, for defendant in error.

Opinion by Mr. Justice Denison.

Garrigues, C. J., and Scott, J., concurring.

THE Portland Bank brought suit against the Glenwood
Bank upon a check accepted or certified by the defendant and
had judgment.   The case was brought here on error and
*supersedeas* denied.

One Kingsbury, on July 15th, 1914, drew the check in
question on the defendant bank payable to Mrs. C. F. Mor-
row.   July 16th she presented it for certification and the
bank wrote on its face "Accepted July 16th, 1914, payable
at Citizens National Bank, Glenwood Springs, Colorado.
(Signed) A. J. Wirth, A. Cashier."

July 21st, 1914, and for some months following, various
suits were brought in Garfield County, Colorado, against
Morrow, and judgments were rendered therein against the
Glenwood Bank as garnishee.

September 21st, 1915, she deposited the check with the
Portland Bank in her checking account, received credit
therefor, and checked out the money.   The Glenwood Bank
refused to pay the check, and suit was brought accordingly.
The judgments in garnishment, some of which have been
satisfied by the garnishee, constituted the defense.

The question before us is whether the liability of the
Glenwood Bank upon such a check was garnishable.

The great weight of authority is that the liability upon
a negotiable instrument, before maturity, is not garnish-
able, and some cases hold that it is not after maturity.   In
this state, however, the matter is controlled by statute:

"No person shall be liable as a garnishee by reason of

having drawn, accepted, made or endorsed any negotiable instrument when the same is not due, in the hands of the defendant at the time of service of the garnishee summons or the rendition of the judgment." R. S. 1908, Section 3804.

This is both just and in accord with commercial necessity. *Merchants' Bank v. State Bank,* 77 U. S. (10 Wall.) 647, 648, 19 L. Ed. 1008. That the acceptance was not due until presentation for payment seems clear from the authorities. 2 Michie on Banks and Banking, 1181, § 145; *Nolan v. Bank,* 67 Barb. 24; *Andrews v. German Bank,* 56 Tenn. (9 Heisk.) 211, 24 Am. Rep. 300; *Farmers', etc., Bank v. Butchers', etc., Bank,* 16 N. Y. 125, 69 Am. Dec. 678; *Girard Bank v. Bank,* 39 Pa. 92, 80 Am. Dec. 507; *Merchants' Bank v. State Bank,* 77 U. S. (10 Wall.) 604, 647, 19 L. Ed. 1008; *Bank of British N. A. v. Merchants' Bank,* 91 N. Y. 106.

It was not presented for payment until plaintiff presented it.

The judgment should be affirmed.

*On Motion for Rehearing.*

The motion for a rehearing urges two points:

1. That the defendant bank notified the holder of the check, before she negotiated it, that it would not be paid until so ordered by the court, and demanded that it be presented at once for payment, that the check thereby became due and so was subject to the subsequent garnishments.

2. That if we adhere to our former opinion, certified checks will be used to conceal assets and defraud creditors.

As to the first point: No transaction between the acceptor and holder of a negotiable instrument can advance its maturity as against a subsequent holder in due course, even though it was negotiated after such transaction. If it could, the safety of negotiable paper would be destroyed and the law merchant nullified. When a certified check is presented for payment, the debtor bank, if it has a defense against the holder, can protect itself by marking the face of the paper so as to destroy its negotiability.

As to the second point: The ready currency of negotiable

paper is more important in business than the increased ease in collecting debts which would result from hampering it. Certified checks are a substitute for money and it would be a severe blow to commerce to throw a doubt upon their validity. *Merchants' Bank v. State Bank,* 77 U. S. (10 Wall.) 604, 647-648, 19 L. Ed. 1008.

The motion for a rehearing is denied.

Decided May 5, A. D. 1919. Rehearing denied July 7, A. D. 1919.