No. 10,908.

GREAT WESTERN FINANCE CO. *v.* HAMILTON NATIONAL
BANK.

Decided October 6, 1924.

Proceeding in garnishment.   Garnishee discharged.

*Reversed.*

1.   GARNISHMENT—*Negotiable Instruments.*   Under the Colorado stat-
ute, negotiable instruments, including bank checks, are subject
to attachment and garnishment.

2.       *Liability of Garnishee.*   Where a bank, having in its posses-
sion an unendorsed bank check payable and belonging to the
defendant in an action in attachment, did not report or turn it
over to the officer who served upon it a garnishee summons in
the action, and subsequently sent the check to the defendant,
the plaintiff having recovered judgment in the main action, it
is held that the garnishee was liable to it for the amount of
the check.

3.       *Duty of Garnishee.*   Where a bank had in its possession an
unendorsed check payable and belonging to a defendant in an
attachment proceeding, it was its duty to deliver it to the officer
when notified of the garnishment.

*Error to the County Court of the City and County of
Denver, Hon. George W. Dunn, Judge.*

Mr. OTTO FRIEDRICHS, for plaintiff in error.

Messrs. BARDWELL, HECOX, McCOMB & STRONG, for de-
fendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the
court.

FEBRUARY 20, 1923, The Great Western Finance Com-
pany brought an action in a justice of the peace court
against Millard B. Reece on a money demand, and on the

same day an attachment, and a garnishee summons in aid of the attachment, were sued out and service thereof had upon The Hamilton National Bank as garnishee, which answered that it was not indebted to the defendant Reece, and did not have in its possession any property, effects, goods, chattels, rights, credits or choses in action belonging to the defendant or in which he was interested. The garnishee's answer was traversed. Judgment went for the plaintiff against the defendant in the sum of $210, and the findings of the justice were in favor of the garnishee and it was discharged. Upon an appeal to the county court by the plaintiff from the judgment discharging the garnishee, there were two trials; the first one resulting in a judgment for the plaintiff and against the garnishee, the second trial for the garnishee, and it was discharged. The plaintiff is here with its writ of error to review that judgment.

The material facts are that the defendant, Reece, before this action was instituted, had taken out an insurance policy upon his life and had paid as a premium therefor the sum of $95. The insurance company cancelled the policy and notified Reece thereof and that it was sending to The Hamilton National Bank of Denver its check for $95, being a return of the premium, which the bank as the agent of the insurance company would deliver to Reece upon his delivery of the insurance policy and a receipt, apparently of the returned premium money. In accordance with the notification to Reece he delivered to the bank the insurance policy and the receipt, and the check in question, drawn upon this bank, was left unindorsed by the owner and holder thereof with that institution. The check was in possession of the bank at the time the garnishment process was served upon it and there was money in the bank to the credit of the drawer of the check, the insurance company, to pay the check which the drawee was holding and did hold for that purpose.

Our garnishment statute, section 6104, C. L. 1921, provides that when the garnishee summons in aid of an at-

tachment is served upon the garnishee, he may deliver to the constable all moneys which he has due to the defendant, and personal property and choses in action belonging to the defendant in his possession or under his control, and if such delivery is not made the person so garnisheed shall be liable to the plaintiff for the amount of the debts or things in action for which he would otherwise be liable to the defendant, until the attachment is dissolved or the judgment recovered in the action is fully satisfied.

The garnishee refused to deliver to the constable this check, although it belonged to the defendant and there was money in the account of the drawer in the bank sufficient to pay it. Instead of making the delivery to the constable, the bank sent this check to the defendant, who then was living in the state of Wyoming, and the latter deposited it with a Wyoming bank and received the sum of $95.00 thereon and the check in due course was returned to The Hamilton National Bank and the latter gave credit therefor to the Wyoming bank and charged it to the account of the drawer.

The first question for decision is whether in any case a check drawn on a bank is garnishable, and, if so, whether, under the facts, the check in question was garnishable, and what is the liability of the garnishee for failure to deliver it when demand therefor is made by the constable at the time of the service of the writ? At the common law choses in action, like promissory notes and bills of exchange, were not subject to garnishment. If they are in this state, it is because some statute so provides. Authorities have been cited by the garnishee from Massachusetts, Pennsylvania and other states that such instruments are not within the purview of their garnishment or attachment statutes. As to these cases we say that an examination of the statutes under which such decisions were rendered, are essentially unlike our attachment and garnishment statute. There are two kinds of garnishment in this state; one in aid of an attachment before judgment; the other in aid of an execution after judgment. When service of the garnishee sum-

mons or notice is had, under either method, the procedure thereafter is practically the same in both cases. The garnishee cites section 6102, C. L. 1921, which describes what property is subject to attachment and garnishment, as not including things in action, the property so described being "all debts" due to the defendant from any person. Sections 6091, and 6094, are also cited, in neither of which is choses or things in action specifically mentioned, and from this garnishee draws the conclusion that negotiable instruments, which are things in action, are not subject to garnishment. In these particular sections things in action are not enumerated but in section 6103, things in action belonging to the defendant, whether or not susceptible of manual seizure, may be attached by leaving with the person in whose possession they are, a copy of the attachment writ and garnishee summons. Section 6104, which authorizes the garnishee to deliver to the constable the property belonging to the defendant and in the garnishee's possession, enumerates choses in action. Section 6117, which provides for the issuance of the summons to the garnishee, if he does not deliver the garnished property, mentions choses in action. The form of the answer which the garnishee is required to make, as provided by section 6121, also includes things in action of which the garnishee has possession. Section 2126 allows a third person, who claims any choses in action garnished, to intervene and maintain his right thereto. By section 6129, no person is liable as a garnishee by reason of having drawn etc., any negotiable instrument, when the same is not due, in the hands of the defendant at the time of the service of the garnishee summons, thereby indicating that he is liable if the instrument is then due. Section 6133, provides that when any garnishee has any choses in action, or effects other than money, belonging to the defendant, he may deliver the same or so much thereof as may be necessary to the officer who holds the execution in favor of the plaintiff in the attachment suit or judgment, and the officer may sell such things in action under execution the same as other goods and chattels. Section 6136,

relating to the disposition of property delivered to the officer by one who is attached or garnished, specifically includes choses in action. Section 6137, provides that when a garnishee refuses to deliver "choses in action" or other property in his possession, if the proceedings be before a justice of the peace, judgment may go against him in plaintiff's favor for the full amount of the judgment and costs against the defendant. So that, even though the particular section or sections of our statutes cited by the garnishee which describe what property may be attached or garnished in general terms, may not specifically enumerate negotiable instruments or choses in action, the entire act, some sections of which we have above referred to, discloses that it was plainly the intent of our General Assembly to make negotiable instruments subject to attachment and garnishment and that such instruments, which may be delivered to the constable if the plaintiff recovers judgment, may be sold under execution and title thereto vested in the purchaser. These various sections just considered by us amount to a construction by the legislative body itself that choses in action are garnishable. They also make these instruments themselves, which evidence debts, property or a species of property.

This question probably has not hitherto been expressly decided by this court, but in *Citizens Bank v. First National Bank,* 66 Colo. 426, 182 Pac. 12, 5 A. L. R. 587, in an opinion by Mr. Justice Denison, it was assumed that negotiable instruments are garnishable. In that case, however, it was held that the weight of authority is that the liability upon a negotiable instrument before maturity is not garnishable, which necessarily implies that after maturity it is so. That decision, strangely enough, is cited by the garnishee as holding negotiable instruments not subject to garnishment. Instead of being in favor of the garnishee, it is in favor of the plaintiff, so far as the question now before us is concerned. The question before the court there was as to the liability of the garnishee upon the check itself which was garnished, and, as it was not then due, no

liability attached to the Glenwood bank, the drawee of the check, which previously had been accepted and properly certified. The check, though accepted, was not presented for payment until long after the time of service of the garnishment notice upon the garnishee. The plaintiff here did not seek, by service of the garnishee summons upon the garnished bank, to impose any liability of the bank upon the check; nor did plaintiff claim that the bank was then even liable for the amount of $95.00 for which amount the check on the garnishee was drawn; but sought and asked to have the check itself delivered to the constable to await determination of the action as between the plaintiff and the defendant. The bank, having refused to deliver the check to the constable, as it might lawfully do, which was its duty, and thus be relieved from further liability, elected to retain the check and thereafter wrongfully, as we say, sent the check to the drawee defendant, which enabled the latter to have it cashed in the state of Wyoming by an innocent endorsee, the Wyoming bank, which later collected the check from the garnishee bank in Denver. We think, therefore, that under section 6104, the garnishee is liable to the plaintiff for the amount of this thing in action, a check for $95, (which cannot now be delivered to him), because the garnishee, had not the process been served upon him, would otherwise have been required on demand to deliver it to the defendant.

The garnishee says that under our statute in no case may a garnishee be held unless, at the time of service of the writ upon him, he was actually indebted to the defendant in money upon which the defendant might have maintained an action against him. That contention might be true if only debts which the garnishee owed to the defendant are subject to garnishment, but where statutes are like ours that require the garnishee to deliver to the constable personal property and choses in action, like checks or bills of exchange, the garnishee who fails to deliver them to the constable becomes liable for the amount of the note or check to the attaching creditor, if he recovers judgment,

in all cases where, in the absence of the garnishment, his duty would be to deliver over the note or other article of property to the defendant. In 28 C. J. the author says, at section 201, p. 160, that whether the general terms used by garnishment statutes in defining property subject thereto, such as property, goods, rights, credits, etc., embrace evidences of debt or obligation in the hands of a person other than the debtor, is purely a matter of statutory construction. Standing alone, the author says, these terms generally include only properties, rights and obligations themselves, as distinguished from writings or instruments whereby they may be evidenced. The author further says, and we think in this he is correct, that a distinction exists between evidences of debt generally and those which in themselves embody the complete obligation sought to be reached. The latter kind, such as those usually termed "securities", like promissory notes, bills of exchange, checks and bonds and such other instruments in writing as embody in themselves a complete obligation, are included in the above general description. We think, therefore, that promissory notes, bank checks and bills of exchange, which are complete obligations in themselves, are subject to garnishment, as well as the debts themselves thereby represented. They are a species of property. It is no sufficient answer, which the garnishee makes, that no useful purpose could now be subserved, even if it were physically possible, by delivering this cancelled and paid check to the plaintiff, or would have been served if the check itself, unindorsed by the drawee, had been delivered by the garnishee to the constable at the time of the service of process. That is no excuse for the garnishee's refusal to deliver this check in its then condition. It was no concern of the garnishee that the plaintiff might or might not be able to recover on the check without an indorsement by the drawee. If the check, as is conceded, was at the time the property of the defendant, it was the plain duty of the bank, under our statute, to deliver it to the constable when notified of the garnishment. It might also be well decided that the exchange of the sev-

eral writings of the parties whereby the bank received and held the check owned by Reece, constituted in law a written acceptance of the check, and that the subsequent transmittal of the same to Reece for his indorsement was an acknowledgment or recognition by the bank of its prior acceptance. As it is impossible now to deliver the check, it having been paid by an innocent indorsee in Wyoming, and the garnishee bank not having it in its possession, the case clearly comes within the provision of sections 6104 and 6137, already quoted, which make the garnishee, if delivery is not made, liable to the plaintiff at least for the amount of the thing in action which he refuses to deliver, for which the garnishee, had not the writ been served upon him, otherwise would be liable to the defendant; that is, would have been required upon demand of the defendant to deliver to him the check in question. That there may be no misunderstanding, it is well again to state that this is not a case like that of *Citizens Bank v. First National Bank,* *supra,* where it was sought to make a garnishee liable for the amount of a bank check in its possession before it had been presented for payment. Here the garnishee's liability, in the first instance, was to deliver the check to the constable when process of garnishment was served. Failing to do so, and without any legal excuse, it is clearly liable under our statute for the amount of the check.

The following, among other, authorities cited sustain our conclusion: *Davis v. Mitchell,* 34 Cal. 81; *Donohoe v. Gamble,* 38 Cal. 340, 352, 99 Am. Dec. 399; *Hoxie v. Bryant,* 131 Cal. 85, 63 Pac. 153; *Kratzenstein v. Lehman,* 46 N. Y. Supp. 71.

In the last case the court, in speaking of promissory notes, said: 'While they are, in a technical sense, choses in action, yet practically the paper itself is property, is regarded as such, and is dealt with like other tangible personal property."

In *Storm v. Cotzhausen,* 38 Wis. 139, the court held that the term "property, credits and effects" includes commercial paper. The same was held in *La Crosse National Bank*

*v. Wilson,* 74 Wis. 391, 43 N. W. 153.   If that is true under the Wisconsin statute, much more is it true that commercial paper or negotiable instruments are subject to garnishment and attachment under statutes like ours which expressly include them as among classes of property which a garnishee must, on demand, surrender to an officer who serves upon him a garnishee summons.   *Nordyke v. Charlton,* 108 Iowa, 414, 79 N. W. 136.   In the note to *Fishburn v. Londershausen,* an Oregon case reported in 14 L. R. A. (N. S.) 1234, a number of cases in point are collected.   A case that goes much further than is necessary here, in holding commercial paper subject to garnishment, is *Washington Brick, etc., Co. v. Traders National Bank,* 46 Wash. 23, 89 Pac. 157, 123 Am. St. Rep. 912.   Even in the absence of such decisions under somewhat similar statutes, we would unhesitatingly reach the conclusion that under our attachment and garnishment statutes, bank checks, which are a species of bills of exchange, are subject to garnishment.

The county court was in doubt as to the liability of the garnishee, as evidenced by successive judgments; one in favor of, and the other against, its discharge.   Its first impression was correct.   The last judgment, the one on review here, is, therefore, reversed and the cause is remanded, with instructions, to the county court (as plaintiff does not claim more), to enter judgment against the garnishee in favor of the plaintiff for $95, and for costs both here and below.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.