[Civ. No. 159.   Fourth Appellate District.—December 3, 1930.]

A. G. MOGLE et al., Respondents, v. VERNON P. HUNT et al., Appellants.

178

Hiram T. Kellogg for Appellants.

Swing & Wilson for Respondents.

CARY, P. J.—The plaintiffs, husband and wife, brought this action against defendants to recover for injuries received in a collision between plaintiffs' automobile and defendants' truck. A jury returned a verdict against defendant Vernon P. Hunt and from the resulting judgment this appeal is prosecuted.

Defendants contend as ground for reversal: (1) that plaintiffs' recovery is barred by their contributory negligence, and (2) that certain errors in instructions were prejudicial.

The facts follow. The accident took place on the outskirts of the city of San Bernardino. Tippecanoe Avenue runs north and south. Mission Boulevard enters Tippecanoe Avenue at right angles from the east and there ends. The collision occurred at the intersection thus formed. Plaintiffs' roadster, northbound, and defendants' truck, southbound, both on Tippecanoe Avenue, were approaching this intersection at approximately the same time. As the defendants' truck arrived at a point some 200 feet north of the center of the intersection, its driver signaled for a left turn, which would have taken the truck east into Mis-

sion Boulevard. At this moment plaintiffs' car was an equal distance south of the center of the intersection and both vehicles were on their own right half of the pavement and were proceeding at a speed somewhere between twelve and twenty miles per hour. There are no traffic warts or buttons at this intersection nor are there any markings indicating the course to be traveled in turning from Tippecanoe Avenue into Mission Boulevard. When the truck had reached a point seventy-five feet north of the center of the intersection the truck driver repeated his signal and started to make the turn. In doing so he did not proceed past the center of the intersection as required by the California Vehicle Act, but cut the corner, hugging the east side of the curve from Tippecanoe Avenue into Mission Boulevard. At the same moment plaintiffs' automobile, then approximately the same distance south of the center of the intersection, turned slightly to its left intending to yield the right of way to the truck and allow it to complete its turn. The truck driver, apparently believing that plaintiffs were going to continue their course straight north and thus render the completion of the truck's turn into Mission Boulevard impossible, suddenly abandoned his turn, swinging his truck to his right and wobbling uncertainly from side to side, headed back to his right or westerly side of Tippecanoe Avenue. Plaintiffs, seeing the truck headed, as they thought, straight for them, veered still further to their left or westerly side of the road in an unsuccessful endeavor to avert a collision. The defendants' truck headed southwest and the plaintiffs' automobile headed northwest crashed at the westerly edge of the intersection.

The defendants argue that plaintiffs were guilty of contributory negligence as a matter of law because they turned to their left of the road, thereby violating section 123 of the California Vehicle Act, which provides that in crossing intersections a driver must keep his vehicle on the right half of the highway unless such right half is obstructed or impassable, and defendants cite the rule that where the violation of a statute by plaintiff contributes proximately to the accident it constitutes negligence *per se* and will bar a recovery. But, contributory negligence is a question of law only when from the facts reasonable men can draw but one inference—that the negligence of the plaintiffs proxi-

mately contributed to their injuries. In all other cases the question is one of fact for the jury. (*Flores* v. *Fitzgerald*, 204 Cal. 374, 376 [268 Pac. 369].) We have read in full the testimony and feel that it is far from presenting a situation so clear that but one inference—that the negligence of the plaintiffs contributed proximately to the accident—could be drawn therefrom. We therefore hold this point to be without merit.

Instruction number 14, given at plaintiffs' request, is as follows: "You are instructed that when the driver of an automobile upon a public highway has given a signal indicating that he intends to turn in a given direction, other operators of vehicles upon the highway have a right to assume that such driver so giving such signal will turn in the direction indicated by such signal, and it is negligence for the driver of a vehicle so giving such signal to turn or travel in any other direction than that indicated by the signal, without first indicating or signaling such intended change of direction."

Defendants contend that by this the court, in violation of the constitutional inhibition (Const., art. VI, sec. 19) told the jury that the defendants were guilty of negligence as a matter of law regardless of the apparent danger which may have confronted the driver of the truck and regardless of anything he may have done. They argue that many situations might arise where, when he sees that some other vehicle does not intend to heed his signal, a truck driver might suddenly be compelled to change his course without having time to give another signal. If we view this instruction by itself the criticism is well founded, but instructions must be construed as a whole. By defendants' instruction No. 30, given by the court, the jury were told that if after giving the signal for a left turn the truck driver continued on a straight course on his own right-hand portion of the highway because he saw that plaintiffs' car and his own truck were in such proximity that a continuation of his turn would make a collision imminent, it was the truck driver's duty to forego making his left turn. When the two instructions are construed together we are of the opinion that the effect of the second was to render any error in the first without prejudice.

Instructions numbered 22 and 23, given at plaintiffs' request, are as follows:

No. 22. ''You are instructed that if you believe from the evidence that the plaintiffs were negligent in passing to the left-hand side of the road at the time of the collision involved herein, and by so doing placed themselves in a position of peril, and that the defendant saw and knew that the plaintiffs were in such position of peril, but could by the exercise of ordinary care have avoided the injuries complained of, the defendants in this case are liable.''

No. 23. ''If you believe from the evidence that the plaintiffs negligently placed themselves in a position of peril, which was known to the defendant, and that said defendant could have, by the exercise of reasonable or ordinary care, avoided the accident or collision but failed to exercise such reasonable or ordinary care, and that such failure on the part of such defendant to use reasonable or ordinary care was the proximate and efficient cause of the accident, such conduct of the defendant, if you so find, is negligence and the defendants would be liable for the damages suffered as a result thereof.''

Defendants contend that these instructions neither severally nor collectively state the law with reference to the doctrine of last clear chance in that they omit two necessary elements, (1) that as the result of the plaintiffs' negligence plaintiffs were in a situation of danger from which they could not escape by the exercise of ordinary care and (2) that the truck driver realized, or ought to have realized, plaintiffs' inability to escape therefrom, citing *Darling* v. *Pacific Elec. Ry.*, 197 Cal. 702, 707 [242 Pac. 703].

It is contended further that there was no evidence which would warrant the court in giving any instruction on the doctrine of last clear chance. We are of the opinion that there was sufficient evidence to warrant the submission of this question to the jury. While the instructions could very properly have been amplified by the inclusion of the elements specified, yet whether as they stand they require a reversal of the case is another matter. In *Townsend* v. *Butterfield*, 168 Cal. 564, 567–569 [143 Pac. 760], an instruction stating the last clear chance doctrine in a most abbreviated form was held not prejudicial, the court stating that had appellant desired a more full and

elaborate instruction on the subject it was his duty to have requested it and not having done so he could not be heard to complain. This case has been followed in *Galwey* v. *Pacific Auto Stages, Inc.*, 96 Cal. App. 169, 177 [273 Pac. 866], *Kroll* v. *Rasin*, 96 Cal. App. 84, 89 [273 Pac. 820], *Rogers* v. *Interstate Transit Co.*, (Cal.) 290 Pac. 571, and *Wirthman* v. *Isenstein*, 182 Cal. 108, 110, 111 [182 Pac. 12]. In the case at bar defendants made no request for any instruction on the subject. Under the authorities above cited the fact that the instructions were not as full and elaborate on this point as they might have been must be held to be without prejudice.

Instruction No. 24, given at plaintiffs' request, is as follows: ''If the evidence convinces you that the plaintiffs found themselves placed in sudden peril by or through the negligence of the defendant, their conduct under such circumstances is to be judged in view of the circumstances and surroundings and not by the standard applicable to one not conscious of being in danger. The plaintiffs under such circumstances, if you so find, were required to use ordinary care to protect themselves, which was the care an ordinary prudent person would use under the same or similar circumstances, considering the danger, proximity of the truck, its speed and movement, plaintiffs' position on the highway, and all the other facts and circumstances proved to have existed or occurred at the time of the accident. It must be remembered that a person in great peril, when action is necessary to avoid it, is not required to exercise that presence of mind and carefulness which are justly required of a careful and prudent man under ordinary circumstances.''

Defendants object to this instruction, arguing that under the uncontroverted evidence the plaintiffs placed themselves in a position of peril, and that, since the imminent peril rule may be invoked only by one who is himself without fault (*Vedder* v. *Birerly*, 92 Cal. App. 52, 60, 61 [267 Pac. 724]), plaintiffs may not take advantage of the rule. But under the evidence the question of whether plaintiffs placed themselves in a position of peril, or whether the truck driver's change of course after starting his turn had created such situation, was, as we have held above, a question of fact and not of law.

Defendants finally contend that the instructions taken as a whole are so contradictory and conflicting as to necessitate a reversal. We have carefully examined the instructions and do not find them open to the criticism urged. In this connection, however, it appears that, with a single exception, every instruction offered by either party was given—thirty-two by plaintiffs and thirty-four by defendants. They were apparently given grouped just as respective counsel had offered them, all of plaintiffs' being first, followed by all of defendants'. While we are aware that this is a common practice, it would tend to render instructions more easy of comprehension if, instead of giving the instructions in two distinct groups as respectively tendered by the parties litigant, the court would first segregate from each group the instructions bearing on the same subject and then after eliminating those which are but repetition give them grouped according to their subject matter and in sequence. We believe that by this means the court's instructions which at best are difficult for a jury to grasp would be the more readily comprehended.

The judgment is affirmed.

Marks, J., and Barnard, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 2, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 29, 1931.