No. 13,535.

UNION DEPOSIT COMPANY ET AL. *v.* DRISCOLL.
(33 P. [2d] 251)

Decided May 21, 1934.

Mr. MORELAND M. HUMPHREYS, for plaintiffs in error.

Mr. J. F. LITTLE, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A PROCEEDING to determine whether in a given judgment a promissory note, impounded through garnishment, should be credited on the judgment at its face. To a judgment denying credit of an arbitrary sum, and directing the garnishee to deliver the note to the sheriff,

"to be disposed of" * * * "in the manner required by law," the judgment debtor assigns error.

It appears that in December, 1930, Driscoll had judgment against the company, which was challenged on error; that one Schulte had also obtained a judgment against the company, likewise brought here for review; that looking to contingent assurance of the Schulte judgment the parties entered into an escrow agreement, whereby the company deposited securities with the First National Bank, to be held pending disposition of the review of that judgment, and in which, finally, there was reversal, the company being absolved; that prior to the reversal of the Schulte judgment, and while the bank still held the securities referred to, Driscoll caused service of garnishment to be made on the bank, which answered that subject to the escrow agreement it had in possession enumerated items of securities, including the note under consideration, but that since the deposit one Troutman had made claim thereto; that Driscoll traversed the answer, and on trial it was adjudged that, with exception of the note, all of said securities belonged to Troutman, and as to the note the judgment was that it (and a trust deed given in security) should continue in escrow with the bank, pending disposition of the review of the Driscoll judgment, when, if affirmed, "said above described promissory note and trust deed, together with any and all accumulations of interest therefrom, * * * may be applied on said judgment, * * * upon application * * * for an order to that effect."

The Driscoll judgment was affirmed, and in a petition setting forth the facts as we have outlined, Driscoll prayed for an order directing the bank, as garnishee, "to deliver said note and trust deed to the sheriff of the City and County of Denver to be disposed of according to law, and to pay over to the clerk of this court for the use of plaintiff any and all moneys collected or received by it on account of said note and trust deed, the same to be credited upon said judgment," and, as already

recited, an order was entered in accordance with the petition.

The company argued at trial, and contends here, that the judgment entry on the traverse of the garnishee's answer entitles it to have credit on the Driscoll judgment for the face of the note, and the conclusion of the trial court otherwise is assigned as error. That in kind or avails the note was to be applied to the Driscoll judgment, is conceded.

We think the court did not err. On the trial of the traverse there was no issue as to the value of the note or as to how it should be applied in the event Driscoll maintained his judgment against the company. The sum of the judgment in the traverse trial, reasonably construed, was that the note should continue with the garnishee, its further disposition to be dependent on the result of the review of the Driscoll judgment. When affirmance of that judgment resulted, the note inured to the benefit of the judgment creditor, but not in some fixed or arbitrary amount, as the company claims. It was a proper order, as we conceive, to have the sheriff take possession of the note. §§141, 152, 153 and 154, Code, 1921. See *Great Western Finance Co. v. Bank,* 76 Colo. 48, 230 Pac. 115. The further order to make disposition of the note ''in the manner required by law,'' seems essentially unassailable.

Let the order be that the judgment is affirmed.

MR. JUSTICE BUTLER, sitting for MR. CHIEF JUSTICE ADAMS, and MR. JUSTICE HOLLAND concur.