## FLUKER v. BULLARD.

A sale under a *fi. fa.* of a promissory note, never in the actual possession of the sheriff, confers no title on the purchaser. To make a valid *seizure* of tangible property, the thing levied upon must be taken into actual possession by the officer.

There can be no valid pledge of a note payable to order, where the note has not been endorsed by the pledgor, nor put into the possession of the pledgee, nor of any third person agreed on by the parties. C. C. 3128, 3129.

APPEAL from the District Court of East Feliciana, *Johnson*, J.

*Z. S. Lyons*, for the appellant. *Choses in action* may be sold under a *fi. fa.*, and no seizure is necessary. 4 Mart. N. S. 416. 5 La. 486. The seizure conferred a privilege. C. P. art. 722. *Lawson*, for the intervenor, cited *Wilson* v. *Munday*, 5 La. 484.

The judgment of the court was pronounced by

KING, J. The plaintiff alleges that he is the owner of a promissory note, which he acquired by purchase from *Bailey*, who acquired it at a sheriff's sale as the property of *Robert Dyer*, by whom it was owned at the date of the seizure. He further avers that *J. P. Bullard* has obtained possession of the note in question, and prays that the latter be decreed to surrender it to him, or to pay its amount. *Bullard*, in his answer, disclaimed the ownership of the note, and alleged that he held it for *Nettles*. *Nettles* intervened in the suit, and alleged that, prior to the sheriff's sale under which *Bailey* purchased, the note had been given to him in pledge by *Dyer*, to indemnify him against any loss he might sustain as the endorser of *Dyer*. He further alleges that the plaintiff's title is defective, because the sheriff never had possession of the note seized, and because the note was sold under a writ which had expired before the date of the sale. He prays to be maintained in his possession of the note, until the extent of his liability for *Dyer* shall have been finally determined, and the purposes of the pledge fulfilled. There was a judgment in favor of the intervenor in the court below, from which the plaintiff has appealed.

It becomes necessary to enquire only into the first of the alleged defects, as that irregularity, in our opinion, vitiated the sheriff's sale to *Bailey*, and is fatal to the plaintiff's demand. The sheriff states in his return, that when property was demanded of the defendant in execution, the latter gave up the note in controversy, then in the hands of *J. P. Bullard*. *Bullard* appears to have continued to be the depositary of the note, notwithstanding this supposed levy; and it is not shown that notice of the seizure was given to him, nor that the sheriff ever had the note in actual possession.

In the case of *Simpson* v. *Allain* it was held that, in order to make a valid seizure of tangible property, it is necessary that the sheriff should take the property levied upon into actual possession. 7 Rob. 504. In the case of *Gobeau* v. *The New Orleans & Nashville Rail Road Company*, the same doctrine is still more distinctly announced. The court there say : "From all the different provisions of our laws above referred to, can it be controverted that, in order to have them carried into effect, the sheriff must necessarily take the property seized into his possession ? This is of the essence of the seizure. It cannot exist without such possession." 6 Rob. 348. It is clear, under these authorities,

that the sheriff effected no seizure of the note in controversy, and consequently his subsequent adjudication of it conferred no title on *Bailey*. It still remains the property of *Dyer*, for whom *Bullard* held it originally for collection.

The title of the intervenor is also defective. He claims to hold in virtue of an act of pledge from *Dyer*. The note is payable to order; and was not endorsed by the pledgor, nor put in the possession of the pledgee, nor of a third person agreed on by the parties. Civil Code, arts. 3128, 3129.

It is therefore ordered that so much of the judgment of the court below as rejects the plaintiff's demand as in case of non suit, be affirmed.; and that, in other respects, said judgment be avoided and reversed. It is further decreed, that the intervenor's demand be dismissed, that he pay the costs of his intervention in the court below, and that the plaintiff and intervenor pay each one half the costs of this appeal.