H. GARLAND PAVY, Judge Pro Tem.
This case questions whether Cameron State Bank (plaintiff-appellee) has a valid mortgage on the property of the late Ed-mand Demarest.
On August 23,1978, Larry Demarest and his parents, Mr. and Mrs. Edmand Demar-est, executed a promissory note for $11,-423.40 payable to the bank in installments. This note was for the purchase price of a mobile home for the son. The transaction was substantially completed at that time and funds disbursed. Later, on September 21,1978, the same parties executed another promissory note for the same amount also in favor of the plaintiff bank. This second note was payable to the order of the bank, on demand and identified with a mortgage on real estate of the parents and the mobile home earlier acquired. It was pledged to secure payment of the previous note.
On March 12, 1981, Larry Demarest purchased another mobile home. He and his wife executed a promissory note for $57,-956.40 with a chattel mortgage as security. Funds from this loan were used to pay off the first loan and then applied to the purchase price of the second mobile home. The note of August 23, 1978, was surrendered by the bank. The note of September 21, 1978, was not surrendered by the bank.
Edmand Demarest personally endorsed the new note. Additionally, on the reverse of that note he signed under the following language, to wit: “Secured by my own real estate mortgage note for $11,423.40 dated September 21, 1978, and due on demand.”
*177 The bank official testified that Edmand Demarest intended to and did pledge the note of September 21, 1978, to secure the new note dated March 12, 1981.
All of the facts thus far stated are shown by documentary evidence or by uncontra-dicted testimony of bank officials.
In 1985; the bank foreclosed by ordinary process. Besides giving personal money judgments, the lower court recognized the mortgage of September 21, 1978, as valid and applying to the property contained therein. Edmand Demarest appealed from that part of the judgment recognizing the mortgage on his realty. His estate was later substituted as party.
Appellant claims the court erred in concluding (1) that the note of September 21, 1978, and the mortgage then given was a valid collateral security, (2) that said note and mortgage were not extinguished, and (3) that the note was validly pledged for the debt of March 12, 1981.
The testimony bears out that the note of September 21, 1978, did not represent any specific or independent debt. The debt had been contracted previously in August. This debt was represented by an installment note. The September note was payable upon demand. There is uncontradict-ed testimony that the September note was intended to be a collateral mortgage note and was actually given for that purpose. Nothing indicates the contrary.
No authority is cited for appellant’s claim that a note with a named payee cannot serve as a collateral mortgage note. There is nothing inherent in the nature of the matter to prevent such result. Perhaps, a crucial point is that we are accustomed to having collateral mortgage notes payable to “bearer” or “holder or holders.” We tend to think that any variance is invalidating. In truth, the reason for a blank payee designation is the convenience in dealing with a note. Additionally, recitation in the mortgage that the payee endorses a note in blank before delivery constitutes sufficient authentic evidence for the purposes of executory process. Here, we are dealing with a foreclosure by ordinary process and evidence is receivable to uphold or invalidate the documents.
There was no debt evidenced by the note of September 21, 1978. There was a debt evidence by the note of August 23, 1978. The testimony of the bank official is that the balance due on the first note was paid off with proceeds of the sale of the old mobile home and the new loan proceeds. The note in question was never surrendered by the bank. Payment of a debt secured by a collateral mortgage note does not extinguish the collateral mortgage note or the mortgage. This is too well settled to require citation of authority.
As previously noted, besides personally endorsing the new note of March 12, 1981, Edmand Demarest signed an express declaration that the note of March 12,1981, was secured by the collateral mortgage note of September 21, 1978. The bank official confirmed this. There is no contradictory evidence.
Appellant cites Texas Bank of Beaumont v. Bozorg, 457 So.2d 667 (La.1984). That case dealt with ranking; there is no ranking problem herein. In Thrift Funds Canal, Inc. v. Foy, 261 La. 573, 260 So. 2d 628 (1972), a situation different from that herein was presented. The lender executed an ordinary note with mortgage. Funds were given; a debt was made. The mortgage was for a specific debt. Simultaneously, lender gave a hand note payable in installments. Lender and wife signed language on the reverse of the second note pledging the first note as security. The court held the first note was a debt in itself or for a specific debt and could not be pledged as collateral security. These facts are distinctively different from the present case. The debt was created in August. No additional debt was made on September 21, 1978, when the note and mortgage of that date were signed.
In the Thrift Funds case, the court stated:
“It is true that, in order to secure a future debt, a mortgage need not express on its face that it is given for future advances. It may be phrased as security for an existing debt, when no *178 debt in fact exists, and yet secure a later debt in accordance with the intention of the parties.” Citations omitted.
Appellant contends a note payable to a designated payee must be endorsed by the payee and delivered to the pledgee. For this proposition, he cites American Bank & Trust Company, 248 So.2d 73 (La.App. 1st Cir.), writ denied, 259 La. 746, 252 So.2d 450 (1971) and Faulker v. Bullard, 2 La.Ann. 338 (1847). In the American Bank case the note was bearer paper. The court held no endorsement was necessary. That does not mean endorsement is necessary when there is a designated payee to whom the note is in fact delivered. The Faulker case involved a note payable to pledger and neither endorsed by pledger nor delivered to payee. Here, the note payee is pledgee and was given possession originally and kept it for the purposes of the new transaction.
The provisions of La.Civ.Code Article 3158 especially provide for the transaction which took place on September 21, 1978, and March 12,1981. After referring to the validity of a pledge of negotiable instruments by delivery only it provides, in pertinent part, as follows:
"... it is further provided that whenever a pledge of any instrument or item of the kind listed in this article is made to secure a particular loan or debt, or to secure advances to be made up to a certain amount, and, if so desired or provided, to secure any other obligations or liabilities of the pledger to the pledgee, then existing or thereafter arising, up to the limit of the pledge, and the pledged instrument or item remains and has remained in the hands of the pledgee, the instrument or item may remain in pledge to the pledgee or, without withdrawal from the hands of the pledgee, be repledged to the pledgee to secure at any time any renewal or renewals of the original loan or any part thereof or any new or additional loans, even though the original loan has been reduced or paid, up to the total limit which it was agreed should be secured by the pledge, and, if so desired or provided, to secure any other obligations or liabilities of the pledger to the pledgee, then existing or thereafter arising, up to the limit of the pledge, without any added notification or other formality, and the pledge shall be valid as well against the pledger thereof, if made in good faith....” Emphasis added.
We think the lower court was correct in holding the mortgage of September 21, 1978, applicable to the property therein described.
Accordingly, the judgment below is affirmed.
AFFIRMED.
KING, J., dissents for the written reasons assigned.